# Commonwealth, Appellant, *v.* Hazelwood Savings & Trust Co.

*Taxation—Corporations — Tax on capital stock — Valuation — Nontaxable securities—Act of June 13, 1907.*

1. Under the Act of June 13, 1907, P. L. 640, which declares that the value of the capital stock of a corporation shall be ascertained for tax purposes "by adding together so much of the capital stock paid in, the surplus and undivided profits, as is not invested in shares of stock of corporations" liable to pay a capital stock tax, and dividing this amount by the number of shares, that which is to be deducted is not all the nontaxable assets held by the company, but only so much thereof as was purchased out of the capital stock paid in, the surplus and undivided profits.

2. Although a company may purchase its nontaxable securities from any fund it chooses, yet if it fails to prove purchase of such securities out of capital stock account, the Commonwealth may apportion the value of the securities between "the capital stock paid in, the surplus and undivided profits" and the other assets of the company, it appearing as far as shown that the price of the securities came from both funds.

Argued May 24, 1921. Appeal, No. 7, May T., 1921, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1916, No. 114, for defendant, in case of Commonwealth v. Hazelwood Savings and Trust Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Appeal from tax settlement. Before SADLER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Judgment for defendant. The Commonwealth appealed.

*Error assigned,* among others, was judgment, quoting it.

*George Ross Hull,* Deputy Attorney General, with him *George E. Alter,* Attorney General, for appellant.—The auditor general's method of apportionment, when properly understood, does not result in double taxation.

His theory as to the investments of the funds of the trust companies is the only theory which is justified under the Act of 1907: Com. v. Mortgage Trust Co., 227 Pa. 163; Com. v. Standard Oil Co., 101 Pa. 119; Pullman Palace Car Co. v. Com., 141 U. S. 18; Com. v. Shenango Furnace Co., 268 Pa. 283.

*Frank B. Wickersham, Jr.,* with him *Geo. M. Hosack* and *Geo. M. Hosack, Jr.,* for appellee, cited: Com. v. Coal Co., 156 Pa. 488; Com. v. Lehigh C. & N. Co., 162 Pa. 603; Dupuy v. Johns, 261 Pa. 49; Com. v. Standard Oil Co., 101 Pa. 119; Com. v. Mortgage Trust Co., 227 Pa. 163; Com. v. Shenango Furnace Co., 268 Pa. 283.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, July 1, 1921:

Defendant is a trust company, incorporated by this Commonwealth, and liable to state tax on capital stock, as provided by the Act of June 13, 1907, P. L. 640; in making a return for the year 1916, the company reported investments aggregating $395,641.65, of which $287,-316.34 was the value of its capital stock, determined in the way prescribed by law. The investments returned included stock of certain Pennsylvania corporations, which were alleged to have already paid a state tax on

their shares; for the purchase of these latter investments defendant expended $54,025 out of its general assets, and this sum it deducted from the $287,316.34, paying the usual five-mill tax on the balance.

In settling the tax, the auditor general reduced the $54,025, by eliminating the value of shares included therein on which the corporations named had not in fact paid 'a tax, and he ratably apportioned the balance between the value of defendant's capital stock and that of its invested assets not included in capital stock, deducting from the former only the proportion thus arrived at. The company appealed to the Court of Common Pleas of Dauphin County, which tribunal sustained the auditor general in eliminating the items referred to, but deducted the total nontaxable items from the value of the capital stock, exactly as though all these investments had been purchased from "the capital paid in, the surplus and undivided profits," and no portion thereof from the other assets of the company. The Commonwealth thereupon prosecuted this appeal, the only question raised being whether defendant is entitled to have the whole or only a ratable portion of the assets in question deducted from the value of its capital stock.

The Act of 1907 declares that the value of each share of capital stock "shall be ascertained and fixed by adding together so much of the capital stock paid in, the surplus and undivided profits, as is not invested in shares of stock of corporations liable to pay to the Commonwealth a capital stock tax, or tax on shares, and dividing this amount by the number of shares." This language is neither doubtful nor uncertain; that which is to be deducted is not all the nontaxable assets held by the company, but only "so much [thereof as was purchased out] of the capital stock paid in, the surplus and undivided profits."

The company claims it has the right to purchase its securities from any fund it chooses, and this is correct. If it had purchased the nontaxable securities referred to,

from a fund composed solely of "the capital stock paid in, the surplus and undivided profits," of course the whole value thereof should be deducted; just as, if it had paid therefor wholly out of its other assets, no part of this value would be deductible. Since the company did not prove its purchase of these securities out of capital stock account, the Commonwealth might, perhaps, have refused to allow any deduction whatever; but, instead of doing this, it adopted the more equitable course of apportioning the value of the nontaxable securities between the two funds, because, so far as shown, the price of them came from both. No statute, authority or principle has been cited questioning the right to do this; and, the result reached being equitable, the trust company lacks just ground of complaint.

The court below first decided in accord with the view here taken, but, subsequently, changed its decision; notwithstanding the carefully stated reasons for this change, the first decision was correct, in our opinion, and should have been adhered to.

The judgment appealed from is reversed and the record remitted to the court below, so that the tax may be settled on the principles we have outlined, adding interest and attorney general's commission; judgment in favor of the Commonwealth to be entered for the amount thus determined.