Commonwealth *v.* Schuylkill Trust Company, Appellant.

Argued March 19, 1934.  Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John Robert Jones,* for appellant.

*Geo. Ross Hull,* of *Snyder, Miller, Hull & Hull,* for
Provident Trust Company of Philadelphia.

*Philip S. Moyer,* Deputy Attorney General, with him
*Wm. A. Schnader,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1934:
The Schuylkill Trust Company, located in Pottsville,
appeals from a judgment of the Court of Common Pleas

of Dauphin County affirming a resettlement of an account for tax on shares of capital stock of the corporation made by the board of finance and revenue for the year 1930. The tax in question was levied under authority of the Act of June 13, 1907, P. L. 640, as last amended by the Act of April 25, 1929, P. L. 673, and amounts to $2,290.14, based upon a taxable value of defendant's shares estimated at $458,028. The Act of 1929, supra, provides in section 1 that, "it shall be the duty of the Department of Revenue to assess such shares [of trust companies] for taxation at the rate of five mills upon each dollar of the actual value thereof, the actual value of each share of stock to be ascertained and fixed by adding together so much of the amount of capital stock paid in, the surplus and undivided profits as is not invested in shares of stock of corporations liable to pay to the Commonwealth a capital stock tax, or relieved from the payment of capital stock tax or tax on shares, and dividing this amount by the number of shares." The method followed in this case in computing the actual value of the shares of stock of appellant subject to tax was approved by this court in Commonwealth v. Hazelwood Savings & Trust Co., 271 Pa. 375, i. e., permitting the trust company to deduct from the value of its capital stock, undivided profits, and increased market value, a proportionate amount of the value of stock in other corporations owned by it upon which a tax had already been paid or which was relieved from taxation. Appellant contests the validity of the settlement on several grounds which can be conveniently grouped under three headings.

First, appellant contends that in estimating the taxable value of its shares, the market value of the shares of stock in other corporations owned by it should be deducted from the value of its capital stock, surplus, and undivided profits. This argument was rejected in the Hazelwood Savings & Trust Case, supra, for reasons which need not be repeated here. The amendments made

to the Act of 1907, P. L. 640, since the decision in the case cited above, do not alter the force or effect of the conclusion there reached. Appellant has not indicated that the stock it holds in other corporations was purchased out of "the capital stock paid in, the surplus, and undivided profits," and in the absence of such proof, an apportionment of the value of the tax-paid or non-taxable securities between the fund just stated and the total assets was entirely equitable.

Secondly, appellant complains that the value of United States securities, Philippine Island bonds, and Joint Stock Land Bank bonds held by it was not deducted from the value of the shares in determining the taxable value. These securities are listed with a value of $151,207 and are included in the total assets of $3,755,882. There was no infringement of the immunity from taxation of government securities for the reason that the tax here in question was levied upon the shares qua shares and not upon the assets of the corporation: Northern Trust Co. v. McCoach, 215 Fed. 991. See also Merchants' & Manufacturers' National Bank of Pittsburgh v. Pennsylvania, 167 U. S. 461 and Van Allen v. The Assessors, 70 U. S. 573.

Appellant also objects to the refusal of the board of finance and revenue to deduct the whole value of shares in the Philadelphia National Bank owned by it. This question was not raised in the original specification of objections and was not discussed by the court below; consequently it will not be considered here: Commonwealth v. Philadelphia City and County, 157 Pa. 550. It should be noted in passing, however, that in estimating the value of appellant's securities upon which a tax was paid or which were exempt from tax, for purposes of apportionment between the total assets and the value of the capital stock, surplus, and undivided profits, the tax officers of the Commonwealth included the Philadelphia National Bank stock at its full value, namely, $20,202.

Lastly, appellant argues that even though the tax in question in this proceeding be a tax on shares rather than a tax on the assets of the trust company, there is no jurisdiction in the Commonwealth of Pennsylvania to levy a tax on 166 shares owned by nonresidents. The authorities relied upon by counsel for appellant do not sustain this proposition. Commonwealth v. Standard Oil Company, 101 Pa. 119, was a capital stock tax case and does not impinge upon our decision here. Dupuy v. Johns, 261 Pa. 40, relates to personal property tax levied under the Act of June 17, 1913, P. L. 507, and is likewise not in point. Nor is the tax here in question within the prohibition against double taxation enunciated by the decisions of the United States Supreme Court in Farmers Loan & Trust Co. v. Minnesota, 280 U. S. 204, and First National Bank of Boston v. Maine, 284 U. S. 312, for those cases concern the imposition of transfer inheritance taxes upon choses in action at the death of the owner and can have no application here. The principle that shares of stock of a corporation may be taxed by the state of incorporation whether in the hands of resident or nonresident owners, is clearly upheld in Corry v. Baltimore, 196 U. S. 466, where it is said, pages 476, 477: "......the sovereignty which creates a corporation has the incidental right to impose reasonable regulations concerning the ownership of stock therein, and......a regulation establishing the situs of stock for the purpose of taxation, and compelling the corporation to pay the tax on behalf of the shareholder, is not unreasonable regulation." We are of opinion the Act of 1907, P. L. 640, as amended by the Act of April 25, 1929, P. L. 673, establishes the situs of the shares of appellant in Pennsylvania for the purpose of taxation within the meaning of the act.

The assignments of error are overruled and the judgment is affirmed.