## Commonwealth, Appellant, *v.* Schuylkill Trust Company, Appellant.*

---

* Judgment affirmed, January 3, 1938: *Schuylkill Trust Company v. Pennsylvania,* 302 U. S.

Argued May 26, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John Robert Jones,* for appellant (No. 35) and appellee (No. 36).

*Manuel Kraus,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellee (No. 35) and appellant (No. 36).

Opinion by Mr. Justice Stern, June 25, 1937:

From a judgment of the Court of Common Pleas of Dauphin County fixing the settlement of the tax on shares of capital stock of defendant, a trust company, for the year 1930, both Commonwealth and defendant have appealed. The controversy was previously in this court *(Commonwealth v. Schuylkill Trust Company,* 315 Pa. 429) but on two of the questions involved an appeal was taken by defendant to the Supreme Court of the United States.[1] They were: (1) Whether a deduction from the appraisement on which the tax was assessed should be made for the value of shares of national bank stock held by defendant; (2) Whether a discrimination against United States government securities arose from the fact that their value was not deducted from the appraisement, although deductions were made for investments in "shares of stock of corporations liable to pay to the Commonwealth a capital stock tax, or relieved from the payment of capital stock tax or tax on shares," as provided by the Acts of July 11, 1923, P. L. 1071, May 7, 1927, P. L. 853, and April 25, 1929, P. L. 673, which amended the original Act of June 13, 1907, P. L. 640.[2]

---

[1] The appeal was also as to the right of the Commonwealth to tax shares of stock of defendant owned by residents of states other than Pennsylvania, but the Supreme Court did not pass upon this question. It was decided—contrary to defendant's contention—in 315 Pa. 429.

[2] There were further amendments to the Act of 1907 by the Acts of May 31, 1933, P. L. 1132, and July 28, 1936, Spec. Sess. P. L. 73, which finally eliminated all deductions from the amount of capital

As to the first question, the Supreme Court held (*Schuylkill Trust Company v. Pennsylvania,* 296 U. S. 113) that the national bank stock having been taxed to the bank's shareholders by the Act of July 15, 1897, P. L. 292, as amended by the Act of April 25, 1929, P. L. 677, it could not again be taxed to defendant's stockholders: R. S. section 5219, 12 USCA section 548; *Bank of California v. Richardson,* 248 U. S. 476. On this point there can be no further controversy.

As to the second question, the Supreme Court stated that "The impost as laid by the Act of 1907 was a true tax on shares and not a tax upon the assets of trust companies. Such an exaction is not a tax upon United States securities owned by the corporation whose shares are taxed or upon securities exempt from taxation because issued by instrumentalities of the Federal government."[3] But because of the statutory deductions of the value of stocks already taxed or relieved from taxation by the state, no similar deduction being provided for in the case of United States securities, it "is impossible to avoid the conclusion" that the law works a discrimination against such securities. The court therefore remanded the cause "for further proceedings not inconsistent with this opinion." Mr. Justice CARDOZO filed a dissenting opinion, concurred in by Mr. Justice BRANDEIS and Mr. Justice STONE, in which he said that the Pennsylvania statutes were not passed as acts of " 'unfriendly discrimination' . . . against the national securities, nor . . . in aid of classes of investments with which the national securities are in substantial competition. . . . Assuming such a discrimination, I do not understand that any mandate is laid by this court

---

stock paid in, surplus and undistributed profits, in ascertaining the value of the shares for taxation.

[3] See *Van Allen v. The Assessors,* 3 Wall. 573; *Cleveland Trust Co. v. Lander,* 184 U. S. 111; *Des Moines National Bank v. Fairweather,* 263 U. S. 103, 112; *Educational Films Corporation v. Ward,* 282 U. S. 379, 390.

upon the Supreme Court of Pennsylvania as to the choice between two methods of avoiding or correcting it. . . . If the state maintains the deductions prescribed by the amendments, it must remove the discrimination now held to be unlawful, even at the price of enlarging the deductions: *Iowa-Des Moines Bank v. Bennett,* 284 U. S. 239, 247. On the other hand, it may cancel the deductions altogether, annulling the amendatory acts in so far as they prescribe a new method of valuation and going back in that respect to the law previously in force. In that event the tax to be paid by the appellant will be increased instead of lessened. The choice between these curative measures must be made by the state court."

The case being again before the Common Pleas of Dauphin County, that court rendered opinions, through President Judge HARGEST, (42 Dauphin Co. Rep. 317; 43 Dauphin Co. Rep. 258 and 261, and, in the companion case of *Commonwealth v. Girard Trust Company,* 42 Dauphin Co. Rep. 299), which are so comprehensive and self-vindicating that what here follows is more by way of restatement than of profitable addition. The court held that the effect of the United States Supreme Court decision was not wholly to invalidate the amendatory Acts of 1923, 1927 and 1929, but merely to require, in the appraisal of the shares of stock of trust companies, that securities of the United States government be put upon the same favorable basis, by way of deduction from the tax valuation, as the investments eliminated under the specific provisions of those acts.

There are three possible solutions of the problem left open by the decision of the Supreme Court: one, urged by the Commonwealth on its appeal; a second, urged by defendant on its appeal; the third, adopted by the court below.

1. The contention of the Commonwealth is that the Supreme Court held the amendatory Acts of 1923, 1927 and 1929 unconstitutional, leaving the original Act of

1907 unaffected,[4] and that the tax settlement of defendant's shares of stock should therefore be made in accordance with that act, which allowed no deductions whatever. It maintains that the proviso in the Act of 1907 which gave permission to a trust company paying the tax before the first of March to deduct investments in shares of stock of corporations liable to pay to the Commonwealth a capital stock tax or tax on shares, was merely the allowance of a discount for prompt payment, but that even if it were held to be unconstitutional as involving the same discrimination against United States securities as that brought about by the amendatory acts, its invalidity would not affect the remainder of the Act of 1907. Thus it is the Commonwealth's position that the discrimination should be remedied, not by allowing a deduction of the United States securities, but by eliminating the deductions granted by the amendatory acts.

2. Defendant agrees with the Commonwealth that the amendatory acts were completely nullified by the Supreme Court decision, but argues that the "discount" proviso of the Act of 1907 is also invalid, and that it cannot be amputated without destroying the act itself, severability being impossible because of the interdependence of the proviso and the body of the act.[5] Defendant further argues that the Act of 1907 is invalid even apart from the proviso, because it fails to exclude from the tax appraisement the value of the shares of stock of national banks, and therefore, on the Commonwealth's theory that such an exclusion cannot be "judicially" created, the Act of 1907 is incapable of constitutional application. The result would be that no statute would remain under which defendant's stock could be taxed.

---

[4] *Eberle v. Michigan,* 232 U. S. 700, 705; *Truax v. Corrigan,* 257 U. S. 312, 342; *Davis v. Wallace,* 257 U. S. 478, 485.

[5] *Booth & Flinn, Ltd., v. Miller,* 237 Pa. 297, 309; *Commonwealth v. Humphrey,* 288 Pa. 280, 290.

3. The court below approved of neither of these extreme positions, but adopted the intermediate course of holding that, since the Supreme Court had decided that the amendments to the Act of 1907, as interpreted by the state courts, imposed an unconstitutional tax upon securities of the United States government, the remedy was, not to declare these statutes invalid, but to limit their application by implying a legislative intent to exclude such securities. The court pointed out that this method of interpretative adaptation of a statute to constitutional requirements, far from being unique, has been regularly employed, and illustrations of its use are abundantly to be found in the decisions construing various other tax statutes.[6] Thus, if an act imposes a tax upon various articles or subjects, and it cannot constitutionally be sustained as to one or more of them, the statute is not thereby invalidated as a whole, unless, of course, it clearly appears that the legislature would not have passed the act as thus reduced in scope. This is not "judicial legislation," nor does it involve a "rewriting" of statutory enactments; it adds nothing to the legislative provisions; it merely enforces them to the extent possible in view of constitutional limitations.[7]

---

[6] For example, in the case of the capital stock tax, *Commonwealth v. Standard Oil Co.,* 101 Pa. 119, 146; *Commonwealth v. Lackawanna Iron & Coal Co.,* 129 Pa. 346, 356; *Commonwealth v. Westinghouse Electric & Manufacturing Co.,* 151 Pa. 265; *Commonwealth v. Westinghouse Air Brake Co.,* 251 Pa. 12. In the case of the corporate loans tax, *Pittsburgh, Fort Wayne & Chicago Railway Co. v. Commonwealth,* 66 Pa. 73; *Commonwealth v. Barrett Manufacturing Co.,* 246 Pa. 301. In the case of the tonnage tax, *In re State Freight Tax,* 15 Wall. 232, 282. In the case of the inheritance tax, *Bittinger's Estate,* 129 Pa. 338, 345; *Frick v. Pennsylvania,* 268 U. S. 473. In the case of the mercantile license tax, *Crew Levick Co. v. Pennsylvania,* 245 U. S. 292.

[7] In *Fidelity & Guaranty Fire Corporation v. Leser,* 193 Atl. 164, the Court of Appeals of Maryland held, in construing a statute of that state similar to the one here involved, that the deductions prescribed in the statute could not be allowed in view of the

"A presumption of much importance in this country, . . . is that a legislative intent to violate the constitution is never to be assumed, if the language of the statute can be satisfied by a contrary construction": ENDLICH, Interpretation of Statutes, section 178. "It is a safe and wholesome rule . . . to regard as excepted by necessary implication from even the most express and absolute general provisions, all cases to which a statute cannot constitutionally apply": Idem, section 179.

We are of opinion, therefore, that the decision of the court below constitutes the proper solution of the problem involved.

As to the method or formula employed to determine what part of the nontaxable investments are included within the capital stock structure, there is no serious complaint made by defendant, nor could there be in view of the previous decisions of this court. In *Commonwealth v. Hazelwood Savings and Trust Co.*, 271 Pa. 375, it was held that if a trust company purchases the non-taxable securities out of its paid-in capital stock, surplus and undivided profits, the entire value thereof should be deducted, but if out of its other assets, no part of their value is deductible, and that the burden is upon the company to prove that it did purchase the securities out of its capital stock account, and, if it fails to establish that fact, the Commonwealth may, perhaps, refuse to allow any deduction whatever; if, therefore, instead of doing this, the Commonwealth adopts the more equitable course of apportioning the value of the nontaxable securities between the two funds, the trust company has no just cause for complaint. The same method of apportionment was approved by this court when the present case was previously before it: *Commonwealth v.*

Supreme Court decision in the present case. In the Maryland act, however, there was a clause that "if any exemption or exception from any tax is held invalid, the tax shall apply without such exemption or exception."

*Schuylkill Trust Co.*, 315 Pa. 429, and again in *Commonwealth v. Provident Trust Co. of Philadelphia*, 319 Pa. 385.[8]

The judgment is affirmed.

---

[8] The formula is as follows: The numerator consists of the capital paid in, surplus, and undivided profits, determined by the book values, less the book value of those investments, if any, for which a full deduction has been made. The denominator consists of the book values of the permanent investments, less the book value of those investments, if any, for which a full deduction has been made. The multiplicand is the book value of the shares and securities which are to be apportioned. The result thus obtained is increased or diminished by the amount of appreciation or depreciation in the shares and securities apportioned.