## Commonwealth v. The Colonial Trust Co.

*George M. Hosack*, for appellant.
*William A. Schnader*, for Commonwealth.

HARGEST, P. J., September 3, 1940.—This matter comes before us upon a rule to show cause why an amendment

should not be allowed, to which an answer was filed raising questions of law.

The facts are that an appeal was filed in this court March 21, 1933, from the settlement finally made on January 13, 1933, by the fiscal officers of the Commonwealth for a tax on shares of appellant. The settlement did not allow deductions for the value of United States securities, Federal land bank stock and Federal reserve bank stock owned by appellant in its own right. The petitions for resettlement and for review did not complain that the Department of Revenue had failed to allow such deductions. The petition before us, which was filed June 14, 1939, asks us to allow an amendment averring that the settlement is erroneous, illegal, and unjust because there was no deduction made for these securities and stocks. It avers that it was not then known to appellant that the Schuylkill Trust Company and the Provident Trust Company of Philadelphia had raised questions in cases involving their securities, and that since the appeal was filed these cases were decided, which hold that the Commonwealth is not entitled to a tax on shares which include the value of such securities and stock.

The answer avers that petitioner had ample and complete opportunity to present evidence relating to the ownership of the stocks and securities in question and to raise any questions with reference thereto.

In the case of Commonwealth v. Schuylkill Trust Co., 38 Dauph. 22, decided in this court October 19, 1933, in which the precise question was raised, this court then held that the company was not entitled to deductions for such stock and securities. The case was affirmed in the Supreme Court on June 30, 1934, 315 Pa. 429. It was reversed by the Supreme Court of the United States on November 11, 1935, 296 U. S. 113, in which it was held that the Commonwealth was required to make deductions for the capital invested in such shares.

The question of the scope of the opinion of the United States Supreme Court and the method of its application

again came before this court in the cases of Commonwealth v. Girard Trust Co., 42 Dauph. 297, and Commonwealth v. Schuylkill Trust Co., 42 Dauph. 317, which were decided April 24, 1936. The latter case, on appeal, was decided by the Supreme Court on June 25, 1937, 327 Pa. 127, and affirmed by the Supreme Court of the United States on January 3, 1938, 302 U. S. 506.

Kindred questions had also been before the court in the case of Commonwealth v. Provident Trust Co. of Phila. (No. 1), 40 Dauph. 146, decided January 7, 1935, and this case again came before us on exceptions, 41 Dauph. 1, decided April 11, 1935, affirmed in the Supreme Court, 319 Pa. 385, June 29, 1935.

This judicial history clearly demonstrates that the question of exemption was at least an agitating one among lawyers familiar with tax problems.

We were asked in 1939 to allow new questions to be raised in an appeal filed in 1933 which introduced questions that were not brought to the attention of the accounting officers in the settlement of the account.

The Fiscal Code of April 9, 1929, P. L. 343, sec. 1104, 72 PS §1104, provides in part:

"Any person, association, corporation, public officer, or other debtor, aggrieved by the decision of the Board of Finance and Revenue, or by the board's failure to act upon his or its petition for review within ninety (90) days, may within sixty (60) days, appeal to the court of common pleas of Dauphin County from the decision of the Board of Finance and Revenue, or from the decision of the Department of Revenue, or of the Department of the Auditor General, as the case may be. . . .

"Every such appeal shall be accompanied with a specification of objections to the settlement, resettlement or other decision. . . .

"Appeals taken hereunder shall be hearings de novo, but no facts shall be admitted in evidence that were not brought to the attention of the department making the settlement, or in the application for resettlement, or peti-

tion for review prior to the appeal, and set forth in the specifications of objections contained in the affidavit accompanying the appeal, unless the court shall be satisfied that the appellant was unable, by the exercise of reasonable diligence, to have laid such evidence before the department making the settlement and the Board of Finance and Revenue, and no questions shall be raised which are not included in the specification of objections filed as hereinbefore provided."

Section 503 of The Fiscal Code, supra, as amended by the Act of June 7, 1935, P. L. 283, authorizes and requires the Board of Finance and Revenue to hear and determine any petition for the refund of taxes to which the Commonwealth is not rightfully or equitably entitled, provided the petition be filed within two years of the payment of which refund is requested, except as provided in paragraph (a) (4) as follows:

"When any tax or other money has been paid to the Commonwealth, under a provision of an act of Assembly subsequently held by the court of final jurisdiction to be unconstitutional, or under an interpretation of such provision subsequently held by such court to be erroneous. In such case, the petition to the board shall be filed within five years of the payment of which a refund is requested."

The appeal shows that The Colonial Trust Company paid on account, but does not state the exact date of that payment. It must, however, have been prior to the filing of the appeal, which was March 21, 1933. The petition to amend was presented June 14, 1939, although there is no petition for refund within five years, which is the remedy prescribed by The Fiscal Code, and even if the petition to amend the appeal could be considered as a petition for a refund it was not presented within five years.

This case may present a hardship in that the Commonwealth has received money which under subsequent decisions it would not have been entitled to collect, but the power of the court is limited to extending relief in cases

where the law prescribes the time within which applications for such relief must be filed.

In Borota v. Pennsylvania Liquor Control Board, 49 Dauph. 105, there was a petition for permission to file an application for renewal of a liquor license nunc pro tunc. The law requires the application to be filed 60 days before the expiration date. There were proceedings for transfer of the license pending. The license expired January 31st. On January 5th the board refused the transfer. On appellant's request a hearing as to the transfer was held February 1st, and on February 15th the transfer was again refused. On February 3rd appellant filed the application for renewal, which was refused by the board on February 13th. After carefully considering the matter we held the court was without power to grant the application nunc pro tunc.

In Andrews Land Co. et al. v. Erie, 328 Pa. 173, there was a report of viewers awarding damages. The landowner appealed within the statutory period, but five days thereafter the City of Erie filed an appeal by leave of court nunc pro tunc. Subsequently the court, on motion, struck off that appeal, which action was sustained "because it is well settled that the court may not extend the period fixed by statute for appeal."

In East Lake Road and Payne Avenue, 309 Pa. 327, 329, which involved the right to file a viewers' report after the statutory period, without securing an extension of time from the court, the court said:

"We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory. It is not within the power of courts to waive or dispense with such legislation. [Citing cases.] There are exceptions to the rule: it does not embrace literal compliance with an act, the performance of which has been made impossible through no fault of the one whose duty it was to act, where the thing to be done may be done at some future time (Com. v. Hill, 185 Pa. 385) ; nor does it include the performance of a public duty, the neglect of which works

general inconvenience, serious injury, or injustice to those having no control over the person who is to perform the duty: Com. v. Griest, 196 Pa. 396, 416. However, where the act to be performed concerns vested rights, procedure, or other similar matters, such as the imposition of a lien or a charge against land, the statute is mandatory and its requirements must be strictly followed. [Citing cases.]"

In Singer v. Delaware, Lackawanna & Western R. R. Co., 254 Pa. 502, 505, it is held that the courts have no power to enlarge the time within which the act may be done, "although it relates to a mere question of practice." The court said:

"Where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal: [Citing cases.] But where no fraud or anything equivalent thereto is shown such appeals cannot be allowed: [Citing cases.] The mistake or neglect of the attorney for the party desiring to appeal is not sufficient ground for relief: Ward v. Letzkus, 152 Pa. 318, 319. In that case Mr. Chief Justice Paxson said, the counsel was the mere agent for the client, and the neglect of the one was the neglect of the other. In Schrenkeisen, et al., v. Kishbaugh, 162 Pa. 45, Mr. Justice Mitchell said, that courts have no power to extend the time for an appeal as a matter of indulgence, and that something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc."

It is very apparent from these opinions that, whatever the inclination of the court might be to correct what may amount to a hardship, under the law as it now stands we are without power to apply equitable principles in the face of the positive statutory requirements.

For these reasons the petition must be dismissed.

And now, September 3, 1940, the petition of The Colonial Trust Company to amend its appeal is hereby dismissed and the rule granted discharged.