**FIRST NAT. BANK OF PHILADELPHIA v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10961.

United States Court of Appeals Third Circuit.

Argued April 10, 1953.

Decided May 28, 1953.

Rehearing Denied June 22, 1953.

Robert C. Lea, Jr., Philadelphia, Pa. (Matthew F. Dorsey, Norris, Lex, Hart & Eldredge, Philadelphia, Pa., on the brief), for petitioner.

Joseph F. Goetten, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is an appeal from a decision of the Tax Court, 18 T.C. 899 (August 29, 1952), upholding respondent's determination of a deficiency for the year 1942 in the amount of $13,292.76.

The facts are not in dispute and are as follows: Petitioner is a banking association organized under federal law. At all times here material it has utilized the accrual method of accounting in reporting its federal income tax returns. For the tax years 1941 through 1945 petitioner deducted taxes levied by the Commonwealth of Pennsylvania on the value of its shares.[1]

The deductions, authorized by Section 23 (d) of the Internal Revenue Code, 26 U.S. C.A. § 23(d), were, ostensibly because of petitioner's use of the accrual method, claimed for the year for which the tax was computed, not for the following year when the tax was actually paid.

Pursuant to a treasury ruling[2] respondent, in auditing petitioner's returns for 1944 and 1945, recomputed the deductions arising from the Pennsylvania tax payments, disallowing the claimed accrued levies but allowing as a deduction the tax actually paid in those years. The effect was to create small deficiencies for 1944 and 1945, which petitioner paid. Thereafter, and within the three-year statute of limitations of Section 275(a) of the Code, 26 U.S.C.A. § 275(a), petitioner filed a refund claim for the year 1943 based on a deduction in the amount of $87,452.42 representing the 1942 state tax which had been claimed as a deduction for 1942 (because accrued then), but which had not been paid until 1943. This claim was allowed and paid.

The events which led to the present litigation followed those above outlined. The Commissioner, acting under Section 3801 of the Code, 26 U.S.C.A. § 3801, made another adjustment, this time to the 1942 return, and determined a deficiency for that year in the amount of $13,292.76 resulting from a disallowance as a deduction of the $87,452.42 accrued for 1942, but paid in and later allowed for 1943 as a consequence of taxpayer's refund claim. Section 3801 permits adjustments to be made, both by the taxpayer and by the Commissioner, in certain cases where the statute of limitations would normally be a bar, as it would be insofar as the 1942 return is concerned. One such situation detailed in Section 3801 (b) is "When a determination under the

1. Until 1945 this tax was levied on the shareholders, although the bank was directed to collect it on their behalf and pay it to the State Treasurer. The Act of May 23, 1945, P.L. 908, 72 P.S. §§ 1931, 1932, 1951, 1961, gave the bank the option of proceeding under this method or of paying the tax directly. The change was applicable to the calendar year 1944.

2. G.C.M. 21329, 1939–2 C.B. 179, which,

following a decision of the Pennsylvania Supreme Court, Commonwealth v. Schuylkill Trust Co., 1934, 315 Pa. 429, 173 A. 309, reversed on other grounds, 296 U.S. 113, 56 S.Ct. 31, 80 L.Ed. 91, stated that since this Pennsylvania tax is a tax on the shareholder, although paid by the bank, it is deductible by the latter only in the year it is actually paid regardless of the bank's method of accounting.

income tax laws[3] * * * [a]llows a deduction or credit which was erroneously allowed to the taxpayer for another taxable year * * *." It is further provided that "[s]uch adjustment shall be made only if there is adopted in the determination a position * * * by the taxpayer with respect to whom the determination is made *. * * which position is inconsistent with the erroneous * * * allowance * * *", a condition which has been met.

Petitioner's chief arguments, both in the Tax Court and on this appeal, are that (1) Section 3801 does not permit the adjustment and (2) if Section 3801 is applicable, taxpayer is entitled to a deduction of $84,847.46, the state tax accrued in 1941 and paid in 1942 (and which petitioner used as a deduction in 1941). It is clear that because of the running of the statute of limitations the only permissible adjustments to the 1942 return are those which come within Section 3801.

Preliminarily, we must dispose of an argument which pervades petitioner's entire case, that it is being inequitably treated because no deduction on account of a state tax payment is allowed it for the year 1942. This circumstance, of course, arises from the fact that the 1941 state tax was accrued and allowed as a deduction for 1941, while the 1942 state tax has been allowed as a deduction for 1943 as a result of petitioner's own claim. The state tax for 1943 as well as for succeeding years has been allowed as a deduction in the year in which paid. So, while it is true that petitioner is allowed no such deduction for 1942, every tax payment made to the state for all the years in question has been allowed as a deduction.

Respondent makes the point that were the petitioner to be allowed a deduction for 1942 based on its actual payment in that year of the 1941 Pennsylvania tax it would be receiving a double deduction, the 1941 tax payment having been allowed as a

deduction for 1941. Petitioner's answer, in effect, is that in 1921 when the predecessor of Section 23(d) was first enacted[4] the Pennsylvania taxing statute with which we are concerned had been in effect many years and that had it known that it would later be required to deduct such tax payments in the year when actually paid rather than in the year they were accrued it would have deducted the 1920 Pennsylvania tax in 1921, the year of payment, rather than the 1921 tax which had accrued on December 31, 1921. Thus, it is intimated, it should now be given the opportunity of regaining the one year's deduction which but for its use of the accrual method it would never have lost. This suggestion is without merit. In the first place, because of the many variables too obvious to warrant discussion, allowing a double deduction for the 1941 Pennsylvania tax would not be the equivalent of allowing a deduction for the 1920 tax. Second, the statute of limitations has long ago barred adjustments to petitioner's 1921 tax return. Moreover, an adjustment of petitioner's 1921 return would necessarily require recomputations of all its returns from that year through 1942. If the statute of limitations has any purpose it is to prevent such practices. Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296.

It is urged by petitioner that Section 3801 is inapplicable to the present state of facts because merely correcting the method of accounting for 1943 does not mean that a deduction was allowed in that year which was also allowed for 1942 and that it is "pure coincidence" that the amount paid in 1943 is identical to the amount accrued for 1942. Petitioner miscomprehends the nature of the Treasury ruling, supra, Note 2. This ruling does not purport to change taxpayers' method of accounting—it states that *regardless* of such method these Pennsylvania tax payments

---

3. Determination under the income tax laws is defined in Section 3801(a) (1) as including "[a] final disposition by the Commissioner of a claim for refund." A claim for refund is there deemed final when the Commissioner allows refund or credit as to the items with respect to which the claim was allowed.

4. Section 234(a) (3), Revenue Act of 1921, 42 Stat. 254.

may be claimed as a deduction by a bank in the year of actual payment only. The reason, of course, is that prior to the 1945 amendment the bank could act only as a collection agent for its shareholders, i. e., there was nothing to accrue so far as income tax deductions were concerned. The assertion that it is only a coincidence that the amount of the 1942 accrual and the 1943 payment is identical has no sound foundation. It is apparently made in support of the argument that since the 1943 payment *might have been* a different figure from the 1942 accrual[5] it cannot be said that the latter being merely a similar item, was erroneously allowed. Neither Section 3801 nor the case of MacDonald v. Commissioner, 17 T.C. 934 (1951), relied on by petitioner, requires that the *amount* erroneously claimed as a deduction in one year must be identical with the amount determined for another year—it is the *item of deduction or credit* which must be the same. Whether the 1942 Pennsylvania tax is claimed as an accrued or cash item of deduction does not change its identity. It was properly made the basis of an adjustment under Section 3801.

Finally, it is urged that if Section 3801 is found applicable petitioner must, in the recomputation of its 1942 return, be allowed a deduction for the 1941 Pennsylvania tax which it paid in 1942. This theory is premised on reading certain words of Section 3801(d) out of context. That subsection deals with the ascertainment of the amount of adjustment and relates to adjustments made in favor of the taxpayer as well as the Commissioner. The pertinent part thereof states:

"There shall then be ascertained the increase or decrease in the tax previously determined which results solely from the correct exclusion, inclusion, allowance, disallowance, recognition, or nonrecognition, of the item, inclusion, deduction, credit, gain, or loss, which was the subject of the error. The amount so ascertained (together with any amounts wrongfully collected, as additions to the tax or interest, as a result of such error) shall be the amount of the adjustment under this section."

Petitioner reads it thus:

"* * * the increase * * * in the tax previously determined which results solely from the correct * * * *allowance* * * * of the * * * deduction * * * which was the subject of the error." (Emphasis supplied.)

As stated earlier, this case comes within that part of Section 3801(b) which permits an adjustment to be made when there is a determination which "[a]llows a deduction or credit which was erroneously allowed to the taxpayer for another taxable year * * *", i. e., the 1942 Pennsylvania tax. The remedy is an "increase * * * in the tax previously determined which results solely from the *correct* * * * *disallowance* * * * *of the item* * * * *which was the subject of the error* * *" —again the 1942 Pennsylvania tax, paid in 1943 and allowed as a deduction in that year, but erroneously claimed as a deduction for 1942. (Emphasis supplied.) When Section 3801 is so applied there is no room for petitioner's contention that it should be allowed the 1941 Pennsylvania tax levy as a deduction for 1942.

To state this case another way, it was not the allowance as a deduction of the 1941 tax in petitioner's 1941 return but the allowance of the 1942 tax in 1942 which was

5. It would seem that such differences as exist are caused by the variance between taxpayer's calculations at the time the accrual entry is made and the time the tax is paid, or between taxpayer's calculations and those of the State Treasurer. If petitioner's argument were sound a taxpayer could defeat the application of Section 3801 by miscalculat- ing the accrual figure but later making the proper payment. For the years 1941 and 1942 the accrual figure and the payment figure were identical. In 1943 there was a difference of one cent, while in 1944 and 1945 the variances were $311.82 and $63.47, respectively. In the years 1941–1945 the tax paid varied from $49,236.55 to $87,452.42.

the subject of the error[6] in respect of which petitioner's position, because of its allowed refund claim for the year 1943, is inconsistent. This error has been set right by the correct disallowance of that item (the 1942 tax as a deduction in that year's return) and has resulted in an increase in the tax previously determined for 1942. The Tax Court correctly held that, Section 3801 being inapplicable to the 1941 Pennsylvania tax, petitioner is precluded by the statute of limitations from having that item considered in recomputing its 1942 return.

Petitioner's remaining points have been examined and found to be without merit.

The judgment will be affirmed.

6. Section 3801(e) specifically prohibits an adjustment to be made as to any item which was not the subject of the error.