The Pennsylvania Bank and Trust Company, Appellant, *v.* Commonwealth of Pennsylvania, Board of Finance and Revenue, Appellee.

514

Argued February 5, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Peter E. Blystone,* with him *Charles L. Blystone* and *Eckels, Blystone, Fuller, Kinnunen & Smith,* for appellant.

*M. David Smeltz,* Deputy Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, March 28, 1974:

The Board of Finance and Revenue sustained the settlement and resettlement by the taxing authorities of The Pennsylvania Bank and Trust Company's 1970 bank shares tax. It has appealed from this decision, contending that the taxing authorities improperly in-

cluded the value of national bank stock, owned by appellant, in arriving at a valuation of appellant's shares for purposes of the tax in question. The appeal is before this Court on stipulated facts.

The record reveals that in computing its bank shares tax pursuant to the Act of July 15, 1897, P. L. 292, *as amended*, 72 P.S. §1931, and Act of June 13, 1907, P. L. 640, *as amended*, 72 P.S. §1991, appellant excluded the value of shares of stock of national banks owned by it in the amount of $9,619,471.95. This exclusion was disallowed by the taxing authorities whose action was sustained by the Board on appellant's petition to review. This appeal followed.

In our opinion this exact issue has been decided in and we are controlled by *Schuylkill Trust Co. v. Commonwealth of Pennsylvania*, 296 U.S. 113 (1935) and *Commonwealth v. Schuylkill Trust Co.*, 327 Pa. 127, 193 A. 638 (1937), *aff'd*, 302 U.S. 506 (1938). A plethora of issues were resolved in these opinions including the same basic issue here raised. The pertinent facts in those cases reveal that Schuylkill Trust Company, a state chartered trust company, owned shares of the Philadelphia National Bank. The Commonwealth disallowed Schuylkill's exclusion of the value of these shares in computing its bank shares tax. The Supreme Court of the United States concluded that the Commonwealth incorrectly disallowed this exclusion and stated at 296 U.S. at 123: "The shares of the Philadelphia National Bank had also been taxed pursuant to Rev. Stat. §5219, and if they were to be treated on an equal footing with shares of domestic corporations the State was bound to afford them a similar exemption from a second exaction."

In this decision the United States Supreme Court reversed the Pennsylvania Supreme Court, and upon its second consideration of the case in 1937, our Supreme Court decided that a deduction was allowable for the

value of shares of national stock held by a state bank. The Court stated at 327 Pa. at 130: ". . . the national bank stock having been taxed to the bank's shareholders . . . it could not again be taxed to defendant's stockholders: [Citations omitted.] *On this point there can be no further controversy.*" (Emphasis supplied.)

Despite the dispositive holding in *Schuylkill, supra,* of the legal issue here raised, the Commonwealth urges us to reconsider the subject in light of present banking practices which the Commonwealth contends mandate a different result. It also urges us to recognize that the tax in question while imposed upon holders of the shares is not in fact paid by shareholders but the banking institution itself.

Undoubtedly, by reason of amendments to both Federal and State statutory law governing banking practices, greater competition and a higher degree of parity exist today between state and national banks than existed when *Schuylkill, supra,* was pronounced. However, the Federal enabling legislation with respect to taxation of national banks and national bank shares for the tax year here in question remains the same in all material respects. Changed banking practices cannot change controlling statutory law nor the significance of *Schuylkill, supra,* and this is so whether a legal fiction exists under the decisional law as to who pays the tax.

Accordingly, we enter the following

## ORDER

Now, March 28, 1974, the appeal of The Pennsylvania Bank and Trust Company from a decision of the Board of Finance and Revenue sustaining the settlement and resettlement of appellant's bank shares tax liability for the tax year as of January 1, 1970, is hereby sustained and the decision of the Board of Finance and Revenue is reversed.

The Chief Clerk is hereby directed to enter judgment in favor of the Commonwealth and against the appellant in the amount of $134,278.24 and mark the same satisfied, said amount having previously been paid by appellant.