### Blauner's, Inc., et al., Appellants, v. Philadelphia et al.

OPINION BY MR. JUSTICE DREW, April 12, 1938:

The Council of the City of Philadelphia on February 24, 1938, passed an amended ordinance, known as the City Sales Tax Ordinance, under which a tax of two per cent is levied upon all retail sales within the city limits from March 1, 1938, to December 31, 1938, with the exception of certain sales of food, drugs, newspapers and periodicals. The plaintiffs, corporations engaged in the business of selling goods at retail in Philadelphia, brought this suit in equity against the City of Philadelphia, and its officers, to enjoin the enforcement of the ordinance. Their bill was dismissed by the court below, after it had sustained preliminary objections raising questions of law, and from the final decree entered this appeal was taken.

The plaintiffs aver that the ordinance violates the Act of August 5, 1932, P. L. 45 (the Sterling Act), be-

cause it duplicates taxes already paid by the plaintiffs to the Commonwealth of Pennsylvania, to wit: (1) the capital stock tax; (2) the corporate net income tax; (3) the mercantile license tax. It is also asserted that the ordinance is unconstitutional in requiring the plaintiffs, as vendors, to collect the tax and to be liable for it to the city.

The sole question is, had the City of Philadelphia the power and authority to levy a City sales tax in the manner and form in which it was imposed? We approach consideration and determination of that question without regard to extraneous matters. We have nothing to do with the wisdom of the tax or with the purpose of its levy.

It is admitted that the Legislature has the right and power to delegate to the City Council the authority by ordinance to levy, assess and collect taxes for general revenue purposes. Such a delegation of the taxing power is expressly sanctioned by Section 1 of Article XV of the Constitution of Pennsylvania, which provides in part that "Cities . . . may be given the right and power . . . to exercise the powers and authority of local self-government, subject, however, to such restrictions, limitations and regulations, as may be imposed by the Legislature." This court has ruled that the legislative taxing power may be lawfully delegated to an elective City Council. A most recent case in point is that of *Wilson v. Philadelphia School District*, 328 Pa. 225, in which Mr. Chief Justice KEPHART reviewed the subject elaborately.

Under the Sterling Act, supra, the city has broad powers to levy taxes for revenue purposes. It is empowered therein to levy taxes "on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city," excepting however, that it may not levy "on a privilege, transaction, subject or occupation, or on personal property which is now or

may hereafter become subject to a State tax or license fee."

The subject of tax in the instant ordinance is the transaction of sale. The purchaser is made the taxpayer, and the seller the collector of the tax, for which he is compensated. Counsel for appellants argue ably that the tax is in fact on the vendor. The ordinance makes it clear that this is not so. However, as we view the case, it would make no difference which party was required to pay; the tax being on the sale itself, if the City Council had the power to make the levy, and it had that power if there was no duplication, it could require either party to the sale to pay the tax. In this instance, the Council saw fit to place it on the vendee.

The ordinance does not invade the field preëmpted by the Commonwealth by the Capital Stock Tax Act of April 25, 1929, P. L. 657. The court below correctly concluded that "the ordinance taxes neither the same subject nor the same person as the State taxes referred to. This is so clear as to the capital stock tax that it scarcely requires statement, for that tax so far as it relates to this question is on corporate assets held for sale, not on the sale, and is levied on the vendor: *Peoples Natural Gas Co. v. Pittsburgh,* 317 Pa. 1."

It is equally plain that the sales tax does not duplicate the incidence of the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, the taxable subject matter of which is obviously net income. We have held an income tax to be a property tax *(Kelley v. Kalodner,* 320 Pa. 180), and the corporate net income tax specifically to be such in *Turco Paint and Varnish Co. v. Kalodner,* 320 Pa. 421. The sales tax and the net income tax vary widely. The former is an excise tax on sales and services; the latter is a property tax upon income from any source. The former is a tax on "transactions," whereas the latter is a tax on "property." The persons taxed are wholly different. The sales tax is imposed upon the

purchaser or consumer; the net income tax is on the corporation receiving the income.

Did the Legislature preëmpt the field sought to be covered by the city sales tax when it passed the Mercantile License Tax Act of May 2, 1899, P. L. 184, and its amendments, requiring vendors of merchandise to obtain a license to do business, for which they must pay a fee of two dollars plus an additional amount determined by the volume of their business? The mercantile license tax is not, as appellants claim, a tax on sales, but is an excise upon the privilege of doing business, as this Court and the Superior Court have frequently said. Thus in *Com. v. Harrisburg Light & Power Co.*, 284 Pa. 175, 178, Mr. Justice SCHAFFER said: ". . . the mercantile tax [is] a license tax for the privilege of vending merchandise." Likewise in *Com. v. Globe Furnishing Co.*, 324 Pa. 180, 183, we said: ". . . the mercantile license tax is a tax on the privilege of doing business in a certain manner." In *Atlantic Refining Co. v. Van Valkenburg*, 265 Pa. 456, 461, quoting from *Com. v. Abbotts Alderney Dairies*, 62 Pa. Superior Ct. 451, 454, we said: ". . . the assessment is not on the sales, however, but on the dealer." So also in *Beaver County Coöperative Association's Appeal*, 118 Pa. Superior Ct. 305, 311, we read: "The mercantile license tax is imposed, not upon the property or income, but upon the privilege of selling goods, wares, and merchandise, and is measured by the whole volume, gross, of business transacted annually." To the same effect are *Knisely v. Cotterel*, 196 Pa. 614; *Baer's Appeal*, 82 Pa. Superior Ct. 414; *Com. v. Pocono Mountain Ice Co.*, 23 Pa. Superior Ct. 267; *Com. v. Bailey, Banks and Biddle Co.*, 20 Pa. Superior Ct. 210. The State mercantile license tax and the City sales tax are similar in that they are both excises, but the similarity goes no further. The City tax is a levy on sales, the State tax is a levy imposed for the privilege of conducting a particular kind of business, albeit the amount of the tax is measured by gross sales.

The sales tax is imposed upon the transaction whereby property is acquired; the mercantile tax is an imposition for the privilege of doing business.

The case of *Crew Levick Co. v. Pennsylvania*, 245 U. S. 292, is said by appellants to decide that our mercantile license tax is a sales tax. It holds only that when applied to an exporting business the tax is a burden upon foreign commerce tantamount to an impost on exports, and as such, expressly forbidden by the Federal Constitution. A state tax upon the right to do an interstate or foreign export business is unconstitutional and is not saved by the fact that it is a franchise tax: *Leloup v. Port of Mobile*, 127 U. S. 640; *Philadelphia and Southern Steamship Co. v. Pennsylvania*, 122 U. S. 326; *Robbins v. Shelby County Taxing District*, 120 U. S. 489. Indeed, the mercantile tax was characterized in the *Crew Levick* case, supra, at page 297, as being "imposed upon the very carrying on of the business of exporting merchandise." The case did not decide that the levy was a sales tax and not a tax on the privilege of doing business. Moreover, the case is authority for the proposition that our own decisions as to the nature of a Pennsylvania tax are controlling even in the Supreme Court of the United States when, as here, no Federal question is at issue.

The court below correctly decided that the City Sales Tax Ordinance and the Mercantile License Tax Act do not tax the same subject, nor the same person, and that the field covered by the ordinance had not been preëmpted by the mercantile license tax.

The ordinance, as amended, provides that the vendor shall collect the tax from the purchaser, and allows the vendor to deduct from the return of the tax one per cent thereof for the costs of collection. It is insisted that the municipality lacks the power to tax the purchaser and make the vendor the tax collector. No doubt the State may do so (cf. *Com. v. Schuylkill Trust Co.*, 315 Pa. 429, 433) and has done so recently when it amended on July

2, 1937, P. L. 2774, the Liquid Fuels Tax Act of May 21, 1931, P. L. 149, and provided that: "Distributors shall be liable to the Commonwealth for the collection and payment of the tax imposed by this act. The tax imposed by this act shall be collected by the distributor at the time the liquid fuels are used or sold and delivered by the distributor and shall be borne by the consumer." We think the same power is vested in the City of Philadelphia by the Sterling Act, supra, which authorizes it "to levy, assess, and collect, or *provide for* the levying, assessment, and *collection*" of *taxes*. [Italics ours.] Under such a broad legislative grant the City's power of collection is limited only by constitutional restrictions.

The imposition of such a burden upon the vendor, who is not the taxpayer, has frequently been challenged as violative of the Fourteenth Amendment, and on each occasion the Supreme Court of the United States has dismissed the challenge and sustained the imposition. A leading case is that of *Pierce Oil Corp. v. Hopkins*, 264 U. S. 137, which involved the constitutionality of a statute of Arkansas that imposed upon the vendor of gasoline the duty of collecting a State tax from the purchaser. A like method of tax collection was unsuccessfully attacked in the case of *Monamotor Oil Co. v. Johnson*, 292 U. S. 86. If the imposition of the burden of tax collection without reimbursement does not violate the Fourteenth Amendment, then, a fortiori, the allowance of compensation constitutes an additional reason in support of the constitutionality of the sales tax ordinance.

Along with the foregoing challenges to the validity of the ordinance certain questions of its construction are raised. It is contended that club transactions are not sales and so not subjected to tax. We have no doubt that the levy falls upon the price of food served in a club the same as upon the cost of a meal in a restaurant. A sale is defined for the purposes of the present ordi-

nance as "any transfer of title or possession or both, exchange or barter, license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor. . . ." (Section 1a.)

A club transaction is surely a "transfer of . . . possession . . . for a consideration. . . ." The ordinance carries its own definition. We are, therefore, unconcerned with the technical requisites, urged by counsel, of a sale at common law, or with the meaning of the same term in the special context of other enactments, such as the Brooks High License Law and the Mercantile License Tax Act construed in the cases cited: *Klein v. Livingston Club*, 177 Pa. 224; *Union League v. Ransley*, 39 Pa. Superior Ct. 514; *Com. v. Meyers*, 62 Pa. Superior Ct. 223. Our latest pronouncement, not restricted to the construction of any statute, is that "the ordinary meaning of a 'sale' is a transfer . . . of title to property for a consideration. These requisite elements are present when a member of a club orders a drink and pays for it. The club corporation purchases liquor and resells it just as any other vendor; the only difference is that its customers are limited to its membership": *Benner v. Tacony Athletic Association*, 328 Pa. 577, 580. Far from indicating an intent to adopt a more restricted meaning, the definition of the present ordinance takes an even broader ground when it includes as a sale "any transfer of . . . possession . . . for a consideration." Moreover, fiscal measures, such as the present, are to be strictly construed against exemptions: *Callery's Appeal*, 272 Pa. 255, 272.

The construction of section 2(c) is likewise questioned. It imposes a tax upon sales of "Food, drink (other than alcoholic beverages) and entertainment in restaurants, cafes and similar establishments, including in the amount of such receipts any cover or minimum or other charge made to patrons where the charge to the patron is one ($1) dollar or more, in which event the

tax is imposed on the full amount of the charge to each such patron."

The intention of the council seems to have been to exempt cover charges under one dollar and tax those over one dollar. The necessity for uniformity and the invalidity of any graduated tax make such exemption void; consequently "food, drink . . . and entertainment in restaurants, cafes and similar establishments, including in the amount of such receipts any cover or minimum or other charge . . ." are liable to taxation at the uniform rate.

For the foregoing reasons we entered our order of March 23, 1938, shortly after the argument, affirming the decree at the cost of the appellants, pursuant to which order this opinion is now filed.