## Lawrence Township School District Tax Case.
### Peale, Peacock & Kerr, Inc., Appeal.

Argued January 10, 1949; before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ. Reargued May 24, 1949; before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Earl G. Harrison,* with him *Wm. A. Schnader, John H. Fertig, Frank A. Whitsett, Frank G. Smith, Matthew A. Crawford, Robert V. Maine, Robert I. Reed* and *Smith, Maine & Whitsett,* for appellants.

*Glenn E. Thomson,* with him *Thomson & Frantz,* for Lawrence Township School District, appellee.

*H. F. Stambaugh,* Special Counsel, with him *T. McKeen Chidsey,* Attorney General, for Commonwealth, interested party under Rule 61.

*Clement J. Clarke, Jr.,* with him *James A. Moore, Frederick H. Spotts, John D. M. Hamilton* and *Pepper, Bodine, Stokes & Hamilton,* for Bethlehem Steel Company et al., interested parties under Rule 61.

OPINION BY MR. JUSTICE PATTERSON, April 11, 1949:

The question here presented concerns the validity of the following Resolution adopted on September 15, 1947, by the Board of Directors of Lawrence Township School District, a school district of the third class in Clearfield County:

"Be it Resolved that the Lawrence Township School District for the year beginning July 1, 1947, shall collect and does hereby levy and assess a tax of Five (5¢) Cents per net ton of 2000 pounds on all coal mined from property located in Lawrence Township, whether it is mined by the deep mine, open pit, strip mine, or any other method . . .

"Said tax shall be payable to the Tax Collector of the Lawrence Township School District who is hereby authorized and directed and warrant issued to said Tax Collector for the collection of said tax from all individuals, persons, associations, partnerships, corporations, or any other groups who mine coal from property

located in Lawrence Township, Clearfield County, Pennsylvania.

". . . All individuals, persons, associations, partnerships, corporations, or other groups who mine coal shall on the 15th of each month furnish said Tax Collector a statement of all coal mined during the preceding month, and on or before the last day of the month, pay to the Tax Collector the amount due . . ."

This Resolution was adopted in pursuance of the Act of June 25, 1947, P. L. 1145, 53 PS 2015.1 et seq., which confers authority on certain political subdivisions, including school districts of the third class, to levy, assess and collect taxes, for general revenue purposes, on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivision, except that such local authorities shall not have authority by virtue of the Act to levy, assess and collect any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee, or (with certain exceptions here irrelevant) on the privilege of employing such tangible property as is now or does hereafter become subject to a State tax.

Peale, Peacock & Kerr, Inc., a corporation owning coal in place in Lawrence Township and engaged in mining it, appealed, together with other taxpayers of the School District, to the Court of Quarter Sessions of Clearfield County to have the Resolution of the Board of Directors declared null and void. After hearing testimony the court overruled the appeal, and from its decision there are now two appeals to this Court, one by Peale, Peacock & Kerr, Inc., and the other by B. M. DuBois, an individual taxpayer of the Township and likewise engaged in mining there.

The appeal of the corporate appellant is based principally upon the contention that the tax in question is a

property tax, and, since it pays to the State both a capital stock tax under the Act of June 1, 1889, P. L. 420, as amended, 72 PS 1871, and a corporate net income tax under the Act of May 16, 1935, P. L. 208, as reënacted and amended, 72 PS 3420a et seq., it claims that the tax now being imposed by the School District violates the provisions of the statute which forbids the levy of a tax on personal property that is subject to a State tax. It is established by a multitude of decisions that a tax on the capital stock of a company is a tax on all of its property and assets,[1] and that a tax on the income from property is likewise a property tax.[2] Therefore, if the present tax is also a property tax it is not authorized by the 1947 Act and is consequently illegal and void. The School District contends that the tax is not a property tax on the coal but an excise tax on the privilege, business or occupation of mining the coal, and, if this be so, there is no conflict between it and the State taxes: *Blauner's, Inc., v. Philadelphia,* 330 Pa. 342, 198 A. 889; *Philadelphia v. Samuels,* 338 Pa. 321, 12 A. 2d 79; *Dunkard Township School Tax Case,* 359 Pa. 605, 610, 60 A. 2d 39.

In *Peoples Natural Gas Company v. Pittsburgh,* 317 Pa. 1, 175 A. 691, this Court held that a tax imposed by the City of Pittsburgh, "on all electric light, heat and

---

[1] *Commonwealth v. Standard Oil Company,* 101 Pa. 119, 145; *Commonwealth v. New York, Pennsylvania and Ohio Railroad Company,* 188 Pa. 169, 184, 41 A. 594; *Commonwealth v. Curtis Publishing Company,* 237 Pa. 333, 335, 85 A. 360; *Dupuy v. Johns,* 261 Pa. 40, 45, 104 A. 565; *Commowealth v. Sunbury Converting Works,* 286 Pa. 545, 548, 134 A. 438; *Peoples Natural Gas Co. v. Pittsburgh,* 317 Pa. 1, 6-7, 175 A. 691; *Philadelphia v. Samuels,* 338 Pa. 321, 325, 12 A. 2d 79; *Commonwealth v. Southern Pennsylvania Bus Company,* 339 Pa. 521, 527, 15 A. 2d 375.

[2] *Kelley v. Kalodner,* 320 Pa. 180, 186, 187, 181 A. 598; *Blauner's, Inc., v. Philadelphia,* 330 Pa. 342, 345 198 A. 889; *Philadelphia v. Samuels,* 338 Pa. 321, 326, 12 A. 2d 79.

power companies, natural gas companies, artificial gas companies, water companies, telephone companies, steam heating companies and taxicab companies and individuals operating taxicabs . . . in respect to the ownership or use by said companies or individuals of meters or other devices used for measuring or recording the quantity of service or product furnished to consumers thereof," was a property tax, stating (p. 5) : "The phraseology of the ordinance makes it impossible to accept the city's contention that the purpose was to tax a privilege; both the title and the enacting parts of the ordinance deny it. . . . As the tax on the meters in respect to their ownership or use, is, in effect, a tax on the meters, there is no support for the argument that . . . 'the tax is limited to the "use" of said meters by said companies.'" Similarly, the phraseology of the Resolution before us makes it impossible to accept the contention that it is an excise or occupation tax. See also *Commonwealth v. Pure Oil Company*, 303 Pa. 112, 154 A. 307. The court below so recognized, stating: "The Resolution is not well drawn, if intended as a tax on the transaction of mining and removing coal, as contended by counsel for the School District. Nowhere in the resolution does it state that it is a tax levied for the privilege of mining and removing coal, or for the privilege of selling the same. *The Resolution on its face purports to be a tax of five cents per net ton on all coal mined."* Nevertheless, the court below decided that the tax imposed by the Resolution was not a property tax, because "we think that the tax of five cents a ton on all coal, when mined and removed from the premises, was intended as a tax on the sale of said coal or on the privilege of mining and removing it and thereafter selling it." Such decision amounts to judicial legislation. Where the words of a law are free from ambiguity, the letter of it may not be disregarded by the courts under

a pretext of pursuing what may appear to be its spirit: Statutory Construction Act of May 28, 1937, P. L. 1019, section 51, 46 PS 551; *Pittsburgh Milk Company v. Pittsburgh*, 360 Pa. 360, 364, 62 A. 2d 49.

The Resolution considered in *Dunkard Township School Tax Case*, supra, levied a tax upon the "privilege, transaction or occupation of mining, processing and marketing" of bituminous coal mined by strip mining methods. Here, however, the Resolution imposes "a tax of Five (5¢) per net ton of 2000 pounds on all coal mined . . . . whether it is mined by the deep mine, open pit, strip mine, or any other method." If it was the purpose of the School Board to levy an occupation or excise tax, they might easily have removed the question from the field of controversy by simply stating in the Resolution that they were imposing a tax on the privilege, business or occupation of mining. They did not so state, however, and having due regard for the ordinary meaning of the unambiguous language of the Resolution, it does not impose a tax upon the "mining of coal" but upon "coal mined", and is, therefore, a property tax.

Since, in our opinion, the tax imposed by the Resolution under consideration is a property tax, and since according to a stipulation filed by the parties, the value of coal mined in Lawrence Township varies from $4.25 per ton to $5.25 per ton, it is also invalid as violating the constitutional requirement of uniformity in that, being a property tax, it is imposed on a quantity and not on an *ad valorem* basis: *Commonwealth ex rel. Department of Justice v. A. Overholt & Co., Inc.*, 331 Pa. 182, 200 A. 849.

The order of the court below is reversed. Costs of both appeals to be paid by appellee.

DISSENTING OPINION BY MR. JUSTICE HORACE STERN:

I cannot agree that the resolution of the Lawrence Township School District of September 15, 1947, imposed a tax on property. It is true that the levy is one of five cents a ton *on all coal mined from property* in the Township, but in determining the real character of a tax all the authorities agree that there must be taken into consideration the language of the statute, ordinance or resolution *as a whole* in order to ascertain the intent of the legislative body, *for it is that intent which constitutes the controlling factor.* A reading of the present resolution with that objective in mind leads me to the irresistible conclusion that the tax was intended to be imposed, not upon coal as such, but upon the business or activity of the companies and individuals who mine it. This becomes plain by merely transposing the order of the paragraphs, whereupon it will appear that the tax is to be collected "from all individuals . . . corporations, or any other groups *who mine coal* from property located in Lawrence Township"; it is to "become due on the last day of each month *for all coal mined* during the preceding month," the amount of coal *so mined* to be furnished the Tax Collector by the companies or individuals *mining it,* and the tax is to be at the rate of five cents per ton on all coal *mined in the Township.* It is thus evident that the tax is not imposed on anyone because of *ownership or possession* of coal, as, for example, on dealers or others who are such owners or possessors, but *is confined to those who mine the coal,* showing clearly that it is not a *property* tax. Of course the Board of Directors of the School District might easily have removed the question from the field of controversy had they expressly said in the resolution that they were imposing the tax on the privilege, business or occupation of mining, but, failing that, and even if it were to be conceded that the present phrasing is at all ambiguous and susceptible of two different inter-

pretations under one of which it would be valid and under the other null and void, certainly there must be given the interpretation which makes for validity:— (1) because that would unquestionably represent the Board's intention; and (2) because it is an elementary rule of statutory construction, that, if there be any ambiguity, the construction chosen must be the one which renders the statute, ordinance or resolution valid rather than invalid.

The cases cited in the majority opinion, *Commonwealth v. Pure Oil Co.*, 303 Pa. 112, 154 A. 307, and *Peoples Natural Gas Co. v. Pittsburgh*, 317 Pa. 1, 175 A. 691, are clearly distinguishable. In the former of those cases a tax on gasoline was held to be a property, not an excise, tax, because it was payable, not by those who sold the gasoline but by those who purchased it, thus showing that it could not have been the legislative intention to assess the tax upon the vendors for the privilege of carrying on their business. In the *Peoples Natural Gas Co.* case the tax was levied on certain public utilities *"in respect to the ownership or use* by said companies or individuals of meters or other devices . . ."; these companies and individuals were not manufacturers or vendors of the meters but merely owned and used them, and the court properly held that the tax was a property tax, adopting a quotation from *Dawson v. Kentucky Distilleries Company*, 255 U. S. 288, 294, that "To levy a tax *by reason of ownership of property* is to tax the property."

Since, then, in my opinion, the tax here under discussion is not a property tax, another objection to it raised by appellants, namely, that it is imposed on a quantity and not an ad valorem basis, likewise fails, because it is only a property tax that must be levied on a basis of values: *Commonwealth ex rel. Department of Justice v. A. Overholt & Co., Inc.*, 331 Pa. 182, 200 A.

849. Here there is no violation of the constitutional requirement of uniformity since the tax is on the privilege of mining and therefore the value of such privilege is properly measured by the extent to which it is exercised, that is, by the amount of coal mined each month; the rate of the tax is the same as to all engaged in the occupation of mining within the territorial limits of the district in which the tax is imposed: cf. *Kittanning Coal Co. v. Commonwealth*, 79 Pa. 100.

I would therefore affirm the order of the Court of Quarter Sessions of Clearfield County.

Mr. Justice JONES joins in this dissent.

---

SUPPLEMENTAL OPINION ON REARGUMENT

OPINION PER CURIAM, June 24, 1949:

We are asked, on reargument, to reconsider our decision that the tax imposed by the Resolution of the Lawrence Township School District is invalid because it is a property rather than an excise tax, and therefore, as to corporate taxpayers, is forbidden by the provision of the statute which denies authority to the local body to tax property already taxed by the State. We deem it unnecessary to review the *grounds* upon which that decision was based in view of the fact that in the *Hampton Township School District Tax Case*, 362 Pa. 395 and the *Centerville Borough School District Tax Case*, 362 Pa. 400, it is held that even if such a tax *be* an excise and not a property tax, it is invalid because in violation of the prohibition in the statute against the local body imposing a tax on the privilege of *employing* property which is already taxed by the State.