A. E. Dick Contracting Company, Appellant, *v.* Hazle Township School District, Appellant, et al.

Argued January 10, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Earl G. Harrison*, with him *Wm. A. Schnader, John H. Fertig, J. Hayden Oliver, Benjamin R. Jones, Jr.*, and *Bedford, Waller, Jones & Darling*, for plaintiff.

*John E. Cotsack* and *Edmund J. McCullough*, for defendants.

OPINION BY MR. JUSTICE PATTERSON, April 11, 1949:

In pursuance of alleged authority conferred by the Act of June 25, 1947, P. L. 1145, 53 PS 2015.1 et seq., the Board of Directors of Hazle Township School District, a school district of the third class in Luzerne County, adopted, on July 6, 1948, a Resolution imposing a tax, for general revenue purposes, on strip-mining equipment consisting of power shovels, draglines, bulldozers and the like, whether operated by electricity, gasoline or other power-producing fuels, at the rate of $1.50 per horsepower, to be collected from "every person owning, leasing, bailing, or possessing by any other form of legal relationship," any such equipment.

A. E. Dick Contracting Company is a corporation which owns and operates strip-mining equipment in Hazle Township for the purpose of strip-mining anthracite coal. It filed a bill in equity to enjoin the School District from enforcing the tax, on the ground that the Resolution imposing it was illegal. The Court of Common Pleas of Luzerne County allowed the injunction prayed for.

It is clear that the decree must be affirmed. The appellee company pays to the State a capital stock tax under the Act of June 1, 1889, P. L. 420, as amended, 72 PS 1871. Such a tax is a tax on all of the property and assets of the corporation (see *Lawrence Township School District Tax Case*, 362 Pa. 377, 67 A. 2d 372), and therefore if the tax now being imposed by the Hazle Township School District is likewise a property tax it is not authorized by the Act of June 25, 1947, P. L. 1145, supra, since that Act forbids the local authorities from levying any tax on personal property which is subject to a State tax. That the tax in question *is* a property tax is clear beyond question. A controlling authority is *Peoples Natural Gas Company v. Pittsburgh*, 317 Pa. 1, 175 A. 691. That case involved a tax on meters which was similarly imposed, and it was held

that to levy a tax by reason of the ownership of property is to tax the property. It may be added that the tax violates the constitutional requirement of uniformity in that, being a property tax, it is not imposed on an *ad valorem* basis: *Commonwealth ex rel. Department of Justice v. A. Overholt & Co., Inc.,* 331 Pa. 182, 200 A. 849; *Lawrence Township School District Tax Case,* supra.

The appeal of A. E. Dick Contracting Company in No. 87, which merely challenges one of the court's conclusions of law, is dismissed. The decree of the court below is affirmed, at the cost of the School District of Hazle Township.