## Jamison Coal & Coke Company *v.* Unity Township School District, Appellant.

Argued March 23, 1949; before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ. Reargued May 24, 1949; before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Calvin E. Pollins*, with him *John W. Pollins* and *Pollins & Pollins*, for appellant.

*Robert W. Smith, Jr.*, with him *Smith, Best & Horn*, for appellee.

*H. F. Stambaugh*, Special Counsel, with him *T. McKeen Chidsey*, Attorney General, for Commonwealth, intervening appellee.

Opinion by Mr. Justice Linn, April 11, 1949:

This is an appeal by the defendant, the School District of Unity Township, from a decree enjoining the township from collecting from the plaintiff "a tax of ten (10c) cents per net ton of 2,000 pounds on coal, levied and assessed by the terms of a Resolution of said School District, adopted May 27, 1948, upon coal mined and removed by the plaintiff from land in Unity Township . . ." The plaintiff is Jamison Coal and Coke Company, a Pennsylvania corporation, owner and lessee of coal lands engaged in mining its coal in Unity Township. The defendant township passed the taxing resolution under the enabling Act of June 25, 1947, P. L. 1145, 53 PS 2015.1. While conferring authority to tax, that Act, in section 1 provided that ". . . such local authorities shall not have authority by virtue of this act to levy, assess and collect or provide for the levying, assessment and collection of any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee; . . ."

Section 1 of the township's taxing resolution provides, "1. That a tax of ten (10c) cents per net ton of 2,000 pounds on coal and three (3c) cents per net ton of 2,000 pounds on stone, to be paid into the General Funds of the School District, be and it hereby is imposed upon all coal and stone mined and/or removed from the ground in Unity Township or transported into Unity Township for processing on and after the first Monday of July, 1948; . . ." Other provisions provide for the payment of the tax by "persons engaged in mining and removing coal . . . from the ground in Unity Township . . ." and for the collection of the tax.

The plaintiff coal mining company filed its bill for an injunction restraining the township from collecting the tax on the ground of lack of power to levy this tax and, in support of its position, averred in its bill that "The plaintiff, in its corporate capacity, is liable for

and now pays to the Commonwealth of Pennsylvania: (a) A capital stock tax levied and assessed annually under the Act of Assembly of the Commonwealth of Pennsylvania, last amended May 14, 1947, P. L. 224 (72 P.S. 1871) ; and (b) A corporate income tax under the Act of Assembly of the Commonwealth of Pennsylvania, last amended May 14, 1947, P. L. 232 (72 P.S. 3420-n)."

"SIXTH: The plaintiff has been advised and avers that the capital stock tax and corporate income tax, which it is obliged to pay as aforesaid, are taxes on its corporate property, and, as a consequence, under the provisions of the Act of June 25, 1947, P. L. 1145, *supra,* it is not liable for the payment to the School District of the tax levied by said School District under the terms of its resolution adopted May 27, 1948 (Exhibit 'A'), and that the tax so levied and assessed by the School District on the coal mined and removed by this plaintiff from its coal lands situate in the Township of Unity is wholly illegal and void." The township filed a responsive answer. The court in banc heard argument on the bill and answer and entered a decree enjoining the township in accord with the prayer of the bill.

The township on this appeal makes three points. It is first contended that equity has no jurisdiction. It is too well settled for argument that equity will enjoin taxation for want of power to tax: compare *Dougherty, Trustee, v. Philadelphia et al.,* 314 Pa. 298, 171 A. 583 (1934) ; *English et al. v. Robinson Twp. School District et al.,* 358 Pa. 45, 55 A. 2d 803 (1947) and cases considered in those opinions. Appellant's second point is that the resolution should not be construed as levying a tax on coal but should be considered as taxing the "privilege," "transaction" or "occupation" of mining coal. A short but conclusive answer to this contention is that the resolution does not say so, but on the contrary, as the quotations from the resolution show, the tax is expressly on the mined coal: compare *Peoples Natural Gas Co. v.*

*Pittsburgh et al.,* 317 Pa. 1, 175 A. 691 (1934). The township refers to *Blauner's, Inc., et al. v. Philadelphia et al.,* 330 Pa. 342, 198 A. 889 (1938) and *Phila. v. Samuels,* 338 Pa. 321, 12 A. 2d 79 (1940) which involved taxes on transactions just as the *Dunkard Twp. School Tax Case,* 359 Pa. 605, 60 A. 2d 39 (1948) involved a tax on the mining of coal by the stripping method. Those were clear cases of taxing privileges, transactions or occupations and therefore to be distinguished from the levy by Unity Township of "a tax . . . on all coal mined . . ." Appellant cites *McClelland v. Pittsburgh,* 358 Pa. 448, 57 A. 2d 846 (1948) with the suggestion that it ignores the Statutory Construction Act of May 28, 1937, P. L. 1019, section 58, 46 PS 558; we must reject the suggestion; the Act provides that ". . . All provisions of a law of the classes hereafter enumerated shall be strictly construed: . . . (3) Provisions imposing taxes . . ." The third point suggested by appellant does not arise on this record and therefore need not be considered.

Decree affirmed; costs to be paid by appellant.

———

DISSENTING OPINION BY MR. JUSTICE HORACE STERN:

For the reasons which I expressed in my dissenting opinion in the case of *Lawrence Township School District Tax Case,* 362 Pa. 377, 67 A. 2d 372, I must dissent in the present case also. In fact the decision here seems to me even more untenable than in the *Lawrence Township* case, because, instead of leaving their intention to be *inferred* from the wording of their resolution, the School Board of the Township of Unity has *expressly* set forth what their intention was, and it is the intention of the legislative body which, under all the authorities, is the controlling factor in determining the nature of the tax. The enacting clause of the resolution is here preceded by "WHEREAS"

clauses, two of which are as follows: "WHEREAS, it has come to the attention of the Board that certain persons are obtaining income or profit *from the mining and removal of coal* or stone on most of which coal or stone no taxes have ever been paid, as it has been considered unmineable; and, WHEREAS, the Board of Directors is of the opinion that a portion of the tax burden for the operation of the School District should be borne *by the persons deriving the benefit of the mining and removal of coal* or stone within the township, or transported into township for processing, NOW, THEREFORE," etc.

The resolution itself provides that the tax is to be paid only by persons engaged in *mining* the coal,—not by persons *owning or possessing* it.

What seems to me the obvious fallacy of the majority opinion is that it bases itself solely on the words: "That a tax of ten (10¢) cents per net ton of 2,000 pounds on coal . . . be and it hereby is imposed upon all coal . . . mined," etc.; it wholly ignores all the other language of the resolution as well as the express statement of the intent of the Board hereinbefore quoted and which was evidently designed to prevent any possibility of a construction of the resolution such as the court is now placing upon it. To my mind this tax is clearly an excise and not a property tax, and I would therefore reverse the decree of the Court of Common Pleas of Westmoreland County.

---

SUPPLEMENTAL OPINION ON REARGUMENT

OPINION BY MR. JUSTICE LINN, June 24, 1949:

At the reargument we were informed that the appellant school district has collected from unincorporated coal operators taxes in the sum of $10,287.89 and "is uncertain what the status of these taxes are, to wit, whether or not [the appellant school district] would be now liable to refund these taxes to the taxpayers. Even

now some taxpayers have requested your [appellant] for refunds."

We are convinced by the phraseology of the taxing resolution that the intention of the levying school district was to tax all operators whether corporate or unincorporated and that it would not have passed the resolution if it had understood at the time that the tax on the corporate activity was beyond its power: compare *Kelley v. Kalodner,* 320 Pa. 180, 186, 188, 181 A. 598 (1935). The resolution is therefore invalid as to the unincorporated operators.

Our previous affirmance of the order of the court below is reaffirmed.