## Folcroft Borough v. General Outdoor Advertising Company, Inc.

*Edward H. Bryant, Jr.*, for plaintiff.

*Edward D. McLaughlin, Ernest Scott* and *James A. Moore*, for defendant.

BRETHERICK, J., March 28, 1950.—Plaintiff, Borough of Folcroft, brought this action in assumpsit to recover taxes alleged to be due by defendant, General Outdoor Advertising Company, under the provisions of a borough ordinance.

In its amended answer containing new matter, defendant alleges, inter alia, that "said Ordinance is in violation of the Federal and Pennsylvania Constitutions, is beyond the authority conferred by Act 481, and is unreasonable and excessive within the meaning of Section 3 of Act 481; the Ordinance therefore has no force and effect and cannot be the basis for the claim asserted".

The parties to the action filed an agreement of record agreeing that the case be tried by the court without a jury, under the provisions of the Act of April 22, 1874, P. L. 109, as amended, 12 PS §688 et seq.

The matter came to trial before Bretherick, J., on July 11, 1949, and was consolidated for purposes of trial with a similar case against the same defendant, instituted by Township of Lower Chichester, to December term, 1948, no. 803.

In the present case a brief and requests for findings of fact and conclusions of law were submitted by defendant's counsel in January 1950.

From the evidence we make the following

## Findings of Fact

1. Plaintiff is the Borough of Folcroft, a municipal corporation located in the County of Delaware, Pa.

2. Defendant is a New Jersey Corporation, engaged in the business of outdoor advertising, registered to do and doing business in Pennsylvania.

3. Defendant is the only concern engaged in outdoor advertising in the Borough of Folcroft.

4. In pursuance of alleged authority conferred by the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1 et seq., plaintiff, on March 8, 1948, enacted Ordinance No. 184, wherein it was provided, inter alia, as follows:

"Section 2. The Borough of Folcroft does hereby levy upon all billboards, as herein before defined, now erected or hereafter to be erected, within the Borough of Folcroft, a tax at the rate of fifty cents (50¢) for each square foot of surface of said billboard. . . .

"Section 3. On and after the effective date of this Ordinance, the Borough Secretary, shall send out a tax bill to each person who shall own, manage or control any billboard within the limits of the Borough of Folcroft. Said bill shall be computed at the rate set forth in Section 1 hereof."

5. On or about June 22, 1948, defendant owned, managed or controlled certain billboards within the Borough of Folcroft, and these billboards contained a total of 2,579.60 square feet of surface on which advertising or other printed or written material or information appeared.

6. On or about June 22, 1948, the secretary of the Borough of Folcroft sent a tax bill to defendant stating that the amount of the billboard tax due to plaintiff was $1,289.80.

7. Demand has been made by plaintiff upon defendant to pay this tax of $1,289.80, but defendant has refused to pay the sum.

8. Defendant has filed annually a Pennsylvania corporate net income tax return since the adoption of that law, and filed a return and paid a corporate net income tax to Pennsylvania in the year 1948.

9. The value of all defendant's billboards in the Borough of Folcroft was included in the value of defendant's tangible personal property in Pennsylvania, as set forth in the 1948 corporate net income tax return.

## Discussion

The ordinance before us was enacted in pursuance of alleged authority conferred by the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1 et seq., known as Act No. 481. That statute gave authority to the duly constituted authorities of certain municipalities (including boroughs), townships and school districts to levy, assess and collect taxes, for general revenue purposes, on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivision, except that such local authorities shall not have authority by virtue of the act to levy, assess and collect any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee, or (with certain exceptions here irrelevant) on the privilege of employing such tangible property as is now or does hereafter become subject to a State tax.

It is too clear for argument that the tax attempted to be imposed by Ordinance No. 184 is a property tax. We do not understand that plaintiff contends to the contrary. The phraseology of section 2, in part, is: "The Borough of Folcroft does hereby levy upon all billboards . . . a tax at the rate of fifty cents (50¢) for each square foot of surface of said billboard." It is said in Commonwealth v. Columbia Gas and Electric

Corporation, 336 Pa. 209, 218: "Where a tax is imposed directly on specific property it is a property tax."

Granted, then, as it must be, that the ordinance attempts to impose a property tax, the question remains as to whether or not defendant's property in its billboards is already subject to a State tax or license fee. That question must be answered in the affirmative.

Defendant pays to the State a corporate net income tax. We have found on credible evidence that the value of all defendant's billboards in the Borough of Folcroft was included in the value of defendant's tangible personal property in Pennsylvania. "A tax on the income from real or personal property is a tax on that property": Murray et ux. v. Philadelphia et al., 364 Pa. 157. This principle is established by a multitude of decisions: Kelley et al. v. Kalodner et al., 320 Pa. 180, 186, 187; Blauner's, Inc., et al., v. Philadelphia et al., 330 Pa. 342, 345; Philadelphia v. Samuels, 338 Pa. 321, 326; Lawrence Township School District Tax Case, 362 Pa. 377, 381; Hampton Township School District Tax Case, 362 Pa. 395, 398.

Since, therefore, defendant's billboards are personal property already subject to a State tax, it follows that plaintiff, under the express language of the enabling act, is without authority to levy, assess and collect any tax thereon.

The tax here under review is invalid for another reason. The Constitution of Pennsylvania, article IX, sec. 1, provides that all taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax. The principle of uniformity requires that property taxes be imposed on an ad valorem basis. Ordinance No. 184 imposes the tax on a quantity, so to speak. The larger the billboard, the greater is the tax, entirely irrespective of the value of the billboard. A property tax which is not imposed

on an ad valorem basis violates the constitutional requirement of uniformity: Lawrence Township School Dist. Tax Case, 362 Pa. 377; A. E. Dick Contracting Company v. Hazle Township School District et al., 362 Pa. 387; Commonwealth ex rel. v. A. Overholt & Co., Inc., 331 Pa. 182.

### Conclusions of Law

1. The court has jurisdiction of the parties, and of the subject matter of the suit.

2. The tax sought to be levied under Ordinance No. 184 of the Borough of Folcroft is a property tax, being a tax on property in billboards.

3. The corporate net income tax paid by defendant to the Commonwealth of Pennsylvania is a tax on all of defendant's property in Pennsylvania, including its billboards in the Borough of Folcroft.

4. Plaintiff is without legal authority to levy, assess and collect a tax on defendant's billboards in the Borough of Folcroft.

5. The tax sought to be levied under Ordinance No. 184 of the Borough of Folcroft is void in that it is violative of the Constitutional requirement of uniformity.

6. Judgment must be entered in favor of defendant and against plaintiff.

### Decision

And now, to wit, March 28, 1950, we find in favor of defendant, General Outdoor Advertising Company, and against plaintiff, Borough of Folcroft.

### Order

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the foregoing decision, and, if no exceptions be filed thereto within thirty days after the service of such notice, to enter judgment in accordance with such decision.