## Allison et al. v. City of New Kensington

*Smith, Best & Horn,* for plaintiffs.
*Harry W. Crum,* for defendant.

McWHERTER, J., January 22, 1952.—In this case plaintiffs, each being physicians and/or surgeons practicing in the City of New Kensington, Westmoreland County, Pa., filed a bill in equity asking the court to

enjoin the enforcement of an ordinance enacted by the Council of the City of New Kensington on February 28, 1951, as to plaintiffs. The ordinance was enacted under authority of the Act of June 25, 1947, P. L. 1145, as amended by the Act of May 9, 1949, P. L. 898, 53 PS §2015.1 et seq. The ordinance provides among other things for the imposition of an annual tax of $100 to be paid by all physicians and surgeons in the city, and provides for penalties for the failure to pay the same. The Act of June 25, 1947, P. L. 1145, as amended, provides "such local authorities shall not have authority by virtue of this act to levy, assess and collect or provide for the levying, assessment and collection of any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee; . . ." This act was interpreted by the Supreme Court in the case of Jamison Coal & Coke Company v. Unity Township School District, 362 Pa. 389, and numerous other decisions.

The Act of June 3, 1911, P. L. 639, as amended, created a Bureau of Medical Education and Licensure. Under this act doctors are required to pay a license fee before they are licensed to practice medicine. They are each required annually to pay a license fee for the continuing right to practice their profession within the Commonwealth. Plaintiffs complain that they and each of them are exempt from the ordinance enacted by the City of Kensington by reason of the fact that they are already taxed by the State when they pay their initial license fee and their annual fee for the privilege of continuing in practice.

Defendant, the City of New Kensington, answers this complaint by saying that the annual license fee paid to the Commonwealth is a registration fee and

not a license fee. With this we cannot agree. The terms, license and licensure, are used repeatedly throughout the Act of June 3, 1911, P. L. 639, and its amendments. It would appear that plaintiffs are entitled to the relief asked for. No testimony was taken as counsel for both sides agreed that there was no issue of fact raised by the pleadings. The question of the regularity of the manner in which the ordinance was passed raised by counsel for plaintiffs need not here be passed upon, it not being the real issue.

### Decree

Now, January 22, 1952, upon due consideration, it is ordered, adjudged and decreed that defendant, the City of New Kensington, be enjoined and restrained from collecting or attempting to collect from plaintiffs the license fee or tax levied and assessed by the terms of defendant's ordinance no. 230 enacted by the Council of the City of New Kensington on February 28, 1951.