# Panther Valley Television Company *v.* Summit Hill Borough, Appellant.

Argued October 5, 1953.  Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Frank D. Llewellyn,* for appellant.

*William Z. Scott,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 11, 1954:

Defendant-borough appeals from a decree declaring certain tax levies invalid and enjoining enforcement thereof.

By authority of the Act of 1947, P. L. 1145, 53 PS §2015.1 et seq., the defendant ordained that: "Every corporation . . . or person engaged in the business of capturing television signals within the borough by tower or other structure, and transmitting the same for sale, shall pay a fee of $100.00 for each tower or structure erected and, where transmission of signals is for sale to persons residing outside the limits of the borough, shall pay . . . annually . . . a franchise tax equal to five (5) per centum of its gross receipts from business done everywhere, . . . [and if] for sale to persons residing within the Borough . . . the rate of tax . . . shall be four (4) per centum." The ordinance further provided that if the taxpayer should refuse or neglect to pay the tax, or to file a report, a penalty of 50 per cent. would be added.

Plaintiff is a corporation engaged in the business of receiving television signals which it distributes by cable to others who reside solely outside the borough. Its tower is erected within the borough on land leased from another. The cable crosses and extends along streets of the borough for a distance of 900 feet and is attached to poles of the electric and telephone companies, both of which are public utilities.

Prior to the enactment of the ordinance plaintiff and defendant-borough entered into an agreement whereby plaintiff was granted permission to erect its tower and to string its wires across streets for the transmission of television signals, and promised to pay therefor a fee of $100 and "to pay an annual tax equal to 20% of the revenue derived from its business," all of which was "conditioned upon the legality of said payments."

The Act of 1947, P. L. 1145, as amended by the Act of 1949, P. L. 898, 53 PS. §2015.1 et seq., provides, inter alia, that the political subdivisions "may . . . for general revenue purposes, levy . . . taxes on persons, transactions, occupations, privileges, subjects and personal property . . . except [those which now are or hereafter] . . . become subject to a State tax or license fee . . ."

The court below declared that the tower tax of $100 was invalid because a tax on property already subject to tax through the corporate net income tax and the capital stock tax of the Commonwealth, and therefore within the prohibition of the enabling Act; and the tax on gross receipts was invalid because the ordinance was vague and indefinite as to what it intended to tax. It determined further that the penalty was unreasonable and excessive and therefore invalid.

Defendant contends that the tax of $100 was only a "fee" enacted under the police power of the borough and therefore proper; that although it failed to so state, the gross receipts tax was imposed upon the privilege of "use of the streets," a privilege specifically sought after and critical to plaintiff's business, and therefore sufficiently certain as to what was being taxed; and that the penalty provision does not invalidate the ordinance, since "no attempt is being made in these proceedings to collect the penalty."

Tax statutes will be given a strict construction, and in cases of doubt will be resolved against the taxing authority: *Scranton v. O'Malley Mfg. Co.*, 341 Pa. 200, 19 A. 2d 269. See also *Smith v. Messner*, 372 Pa. 60, 63, 92 A. 2d 417; Statutory Construction Act, §58, 46 PS §558. The doubt here resolved against the municipality leaves no choice but to affirm the court below.

"The right of the state was paramount. If, therefore, the tax proposed to be collected pursuant to the

. . . ordinance results in such double taxation, it is unauthorized and must be restrained.": *Murray v. Philadelphia,* 364 Pa. 157, 71 A. 2d 280. It was specifically admitted in the pleadings that the ordinance was enacted under authority of the Act of 1947, supra. Furthermore, it was a tax imposed directly on specific property,—the tower. See *Jamison Coal & Coke Company v. Unity Township School District,* 362 Pa. 389, 66 A. 2d 759; *A. E. Dick Contracting Company v. Hazle Township School District,* 362 Pa. 387, 65 A. 2d 381; *Lawrence Township School District Tax Case,* 362 Pa. 377, 67 A. 2d 372. Plaintiff pays a capital stock tax, which is a tax on property of the corporation (*Lawrence Township School District Tax Case,* 362 Pa. 377, 67 A. 2d 372). Under the provisions of the enabling Act, therefore, defendant is prohibited from taxing the tower: *Murray v. Philadelphia,* 364 Pa. 157, 71 A. 2d 280.

The ordinance must also be declared invalid as to the second provision taxing gross receipts. It clearly sets up a tax. but fails to indicate what is being taxed. " 'Where a statute is "so vague, indefinite and uncertain that the courts are unable to determine, with any reasonable degree of certainty, what the legislature intended, or is so incomplete or conflicting and inconsistent in its provisions that it cannot be executed, it will be declared inoperative" '." *Willcox v. Penn Mutual Life Insurance Co.;* 357 Pa. 581, 595, 55 A. 2d 521. The defendant contends that it is a tax on the privilege of using its streets; but the difficulty with this is that the ordinance does not so state. As we have said, this ordinance is devoid of any statement as to the subject intended to be taxed. The defendant's contention cannot be read into the Act: *Jamison Coal & Coke Company v. Unity Township School District,* 362 Pa. 389, 66 A. 2d 759, where this Court said at page 392: "Ap-

pellant's second point is that the resolution [imposing the tax] should not be construed as levying a tax on coal but should be considered as taxing the 'privilege', 'transaction' or 'occupation' of mining coal. A *short but conclusive answer to this contention is that the resolution does not say so, . . .*" (Italics supplied). The words cannot be supplied by implication: *Commonwealth v. Phila. Rapid Transit Co.*, 287 Pa. 190, 134 A. 455. The ordinance must, therefore, be declared invalid.

Decree affirmed at appellant's costs.

Mr. Chief Justice HORACE STERN and Mr. Justice JONES, dissent.