# International Association of Firefighters, Johnstown Local No. 463, v. City of Johnstown

Before Griffith, P. J., McDonald and Wolfe, JJ.

*Richard J. Green, Jr.*, for petitioners.

*Samuel R. DiFrancesco, Sr.*, for respondent.

McDONALD, J., May 31, 1962.—This matter is before the court by agreement of the parties upon petition for a declaratory judgment. Since no question of fact is involved, it was argued before the court en banc and submitted on questions of law.

Three of the petitioners, Robert J. Gill, Donald M. Nemcheck and David E. Irvin, together with John E. Hohman, Jr., who was not joined in the petition, all members of respondent fire department, were notified that due to economic conditions requiring a reduction in force of the department, effective January 1, 1962, they would be suspended and assigned to the police department.

Paragraph 9 of the petition alleges there are 12 members of the department eligible for retirement. This is not denied by respondent, although it avers the suspensions were not contrary to applicable statutes and ordinances.

Two questions are raised by the pleadings: (1) Where a reduction in force of the fire department is made for economy reasons, is respondent required under the Act of May 31, 1933, P. L. 1108, sec. 11, 53 PS §39871, to first retire those eligible for retirement under the Act of June 23, 1931, P. L. 932, art. XLIII, sec. 4321, as amended, 53 PS §39321, and ordinances enacted pursuant thereto? (2) When is a member of the fire department eligible for retirement within contemplation of the Act of 1933?

Petitioners argue the Act of 1933 is clear, precise, and unambiguous; therefore its plain and unmistakable meaning is that the reduction must be made first from those eligible for retirement. The pertinent provisions of this act are as follows:

"If for reasons of economy, or other reasons, it shall be deemed necessary by any city to reduce the number of paid members of any fire department, or the number of fire alarm operators or fire box inspectors in the bureau of electricity, then such city shall follow the following procedure:

"FIRST. If there are any paid firemen, fire alarm operators or fire box inspectors eligible for retirement under the terms of any pension fund, then such reduction in numbers shall be made by retirement on pension of all the oldest in age and service.

"SECOND. If the number of paid firemen, fire alarm operators and fire box inspectors eligible for retirement under the pension fund of said city, if any, is insufficient to effect the reduction in number desired by said city, or if there is no eligible person for retirement, or if no pension fund exists in said city, then the

reduction shall be effected by suspending the last man or men, including probationers, that have been appointed . . . "

They further contend the reduction in force should have been accomplished by retiring four of the 12 members of the department "eligible for retirement" by fulfillment of the minimum requirements of age and service as set forth in the Act of 1931, as amended, and the ordinances establishing the pension fund. The Act of 1931 authorizes third-class cities to provide for a firemen's pension fund and prescribes certain rules and regulations for the management and control thereof. The minimum requirements of age and service are set forth as follows:

"Such regulations shall prescribe a minimum period of continuous service, not less than twenty-five years and a minimum age not less than fifty-five years, after which members of the department may be retired or elect to be retired on pension from active duty, and such members as are retired shall be subject to service, from time to time, as a firemen's reserve in cases of emergency until unfitted for such service, when they may be finally discharged by reason of age or disability."

Implementing this Act, respondent enacted in 1947 ordinance no. 2752 establishing a pension fund, section 3 of which prescribes the minimum age and service requirements for pension eligibility in the exact language of the Act of 1931, above quoted. In 1960, ordinance no. 3396 was enacted amending section 3 by providing for mandatory retirement at age 65.

Respondent argues that even though a member of the department may be eligible for retirement at his election upon completion of 25 years service and attainment of age 55 years, these are minimum conditions and he may not be compelled to retire prior to the mandatory age of 65 years. Therefore, it contends it acted

properly in effecting a reduction in the force by suspending the four men last appointed, since no others were eligible for compulsory retirement.

It is also contended by respondent that section 11 of the Act of 1933 is vague and ambiguous, since it is " . . . difficult to determine as between two persons which is the oldest in terms of age and service both."

The provisions of the Act of 1933 require a reduction in force for economy reasons to be made first by retiring those members eligible to retire, and if there are an insufficient number, then by suspending the last men appointed. The language of this Act is clear and unambiguous. Therefore, the words and phrases used must be construed according to their common and approved usage: Act of May 28, 1937, P. L. 1019, art. III, sec. 33, 46 PS §533. "Nor may its [the statute] plain and unmistakable terms be interpreted other than according to their usual and ordinary meaning": Calvert Distillers Corporation v. Board of Finance and Revenue, 376 Pa. 476 (480-481); Palmer v. O'Hara, 359 Pa. 213, 227; Commonwealth Trust Company General Mortgage and Investment Fund Case, 357 Pa. 349, 355.

Where the language and meaning of the statute are clear, the intention of the legislature is to be found only in its unambiguous language: Pennsylvania Liquor Control Board v. Publicker Commercial Alcohol Company, 347 Pa. 555; Lawrence Township School District Tax Case, 362 Pa. 377.

The crux of the argument is the meaning in the Act of 1933 of the phrase, "eligible for retirement". We are not concerned with the selection of those "oldest in age and service" if there were members "eligible for retirement" within contemplation of the Act. The question of which are to be retired first to effect the reduction in force must in that event be determined by respondent.

It is not denied there are 12 members of the force who have fulfilled the requirements of 25 years continuous service and have reached the age of 55 years. These are the conditions which make a member "eligible for retirement" under section 3 of the pension ordinances enacted by respondent under authority of the Act of 1931 as amended. There is no doubt an employe who is a member of a pension or retirement system is "eligible for retirement" upon satisfaction of the conditions requisite "Whether the employee chooses to retire immediately or to continue in active service": Harvey v. Allegheny County Retirement Board, 392 Pa. 421; Retirement Board of Allegheny County v. McGovern, 316 Pa. 161.

In Hopfer v. Oklamchak, 407 Pa. 193, the term "eligible" (for Social Security benefits) was construed to mean that an individual had fulfilled the requirements for benefits and was entitled to receive them. "This contemplates that while an individual may not elect to receive benefits at age sixty-two, his failure so to elect in no way detracts from his 'eligibility' under the Social Security Act."

Thus the courts have uniformly construed the term "eligibility" for retirement on pension to mean a fulfilment of certain prescribed conditions to attainment of that status. Fulfilment of the requirements for mandated retirement is not a prerequisite, unless, of course, there are no minimum requirements and retirement is mandatory upon completion of certain age and/or service conditions.

The proviso in ordinance 3396 for mandated retirement at age 65 does not abrogate the provisions of the Act of 1933, or prevent its operation in cases such as this. Respondent argues that a member is eligible to retire (at his own election) upon fulfilment of the conditions set forth in section 3 of the pension fund ordinances and the Act of 1931, but, he may not be compuls-

orily retired until age 65, a fortiori, since no member has reached that age, none are "eligible for retirement" under the Act of 1933. Such reasoning makes ineffective the latter phrase in the act, since obviously all members reaching that age are compulsorily retired and no reduction in force could ever be made from among these.

We do not believe the legislature ever intended that the plain and unmistakable meaning of the term "eligible for retirement" as used in the Act of 1933, was to be limited to a mandated retirement age under ordinances enacted by third class cities in creating pension funds. To adopt such an interpretation would add an additional condition that those eligible must also have reached the age of mandated retirement.

It must be presumed the legislature in enacting the Act of 1933 was cognizant of the provisions of the Act of 1931 setting forth the minimum requirements for retirement. "In the enactment of one law, the legislature is presumed to have known of its prior laws and judicial constructions thereof, . . . Therefore a law is construed with reference to other laws, particularly those enacted at the same session, and also with reference to judicial constructions of such laws": 34 P. L. Encyc. pp. 491-493, sec. 158; Stark v. Posh Construction Company, 192 Pa. Superior Ct. 409. Thus the phrase "eligible for retirement" as used in the Act of 1933 must be construed in light of the conditions set forth in the Act of 1931 (and incorporated in the pension fund ordinances), upon fulfilment of which the member "may be retired or elect to be retired on pension from active duty . . . "

In our opinion, therefore, since there were four or more members eligible for retirement, the suspension from duty of Robert J. Gill, Donald M. Nemcheck, David E. Irvin and John E. Hohman, Jr., was in violation of the provisions of the Act of 1933. An order

directing their reinstatement without loss of status or salary will be made.

*Order*

Now, May 31, 1962, after argument and upon consideration of the pleadings and briefs, respondent is hereby ordered to reinstate Robert J. Gill, Donald M. Nemcheck, David E. Irvin and John Hohman, Jr., to their former positions with the Fire Department of the City of Johnstown retroactive to January 1, 1962, without loss of status or salary; provided however, that the salary payable shall be reduced by the amount each earned in other employment during the interim.

Costs to be paid by respondent.