## Housing Dynamics, Inc. v. Board of Supervisors of Nescopeck Township, Luzerne County

*Edward W. Rothman,* for appellant.

*Thomas L. Kennedy* and *John K. Kutchka,* contra.

HOURIGAN, J., May 27, 1975.—This case is before the court on an appeal filed by Housing Dynamics, Inc., challenging the validity of the Nescopeck Township Zoning Ordinance. Appellant's primary challenge alleges that the zoning ordinance is invalid because the township never prepared or adopted a zoning map as part of the ordinance.

From the record, report and opinion of the board, the following are the relevant facts:

On September 13, 1972, the Board of Supervisors of Nescopeck Township, enacted an ordinance known as the Nescopeck Township Zoning Ordinance, which ordinance makes six references to an official map as being enacted thereto, but no map was attached at the time of the adoption. The township never officially prepared or adopted its own map, but the township records show that at the October 10, 1973 meeting of the board of supervisors, a motion was passed that the township use the Luzerne County zoning maps for its own zoning.

The Nescopeck Zoning Ordinance in section 400 divides the township into the following districts:

"A—R/R—Agricultural—Rural Residential

"R/S—Suburban Residential

"C/N—Neighborhood Commercial

"C/RS—Traveler Services

"C/G—General Commercial

"IND—Industrial"

Section 401 of the said ordinance states as follows:

"Section 401. *Delineation of district boundaries.*

"The boundaries of the zone Districts established in Section 400, above, shall be as shown upon the Township Area Zoning Map, hereinafter referred to as the 'Zoning Map', attached to and made a part of this Ordinance, and the boundaries between Districts as well as the boundary defining the limits of the area under the jurisdiction of this Ordinance are, unless otherwise indicated, the centerline of public rights-of-way, streams, property lines, corporate lines or other physical boundaries and delineations."

In contrast to the districts provided in the Township Zoning Ordinance, the Luzerne County Zoning Ordinance in Article 3, sets forth the following districts:

"C-1"  Conservation District

"A-1"  Agricultural District

"S-1"  Suburban Residence District

"R-1"  One-Family Residence District

"R-2"  Two-Family Residence District

"R-3"  Apartment Residence District

"B-1"  Neighborhood Business District

"B-2"  Community Business District

"B-3"  Highway Service District

"B-4"  General Business District

"M-1"  Mining District

"M-2"  Light Industrial District

"M-3"  Heavy Industrial District

Upon perusal of the Luzerne County Zoning Map, the following were some of the districts into which the township is divided:

"A-1, B-1, B-3, C-1, M-1"

Section 607 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, as amended, 53 PS §10607, provides preparation of proposed zoning ordinance and states, in part, as follows:

"The planning agency of each municipality shall prepare the *text and map of the proposed zoning ordinance* as well as make all necessary studies and surveys preliminary thereto, whenever instructed to do so by the governing body. In preparing a proposed zoning ordinance, the planning agency shall hold at least one public hearing pursuant to public notice and may hold additional public hearings upon such notice as it shall determine to be advisable. Upon completion of its work, the planning agency shall present to the governing body the proposed zoning ordinance, together with recommendations and explanatory materials. The procedure set forth in this section shall be a condition precedent to the validity of a zoning ordinance adopted pursuant to this act." (Emphasis supplied.)

It is clear from the above provision that the zoning ordinance to be valid requires not only the text but also a map, and it is certainly essential to a zoning ordinance that districts which are set forth in an ordinance be delineated and defined so that the property owners would be able to determine what restrictions were placed on their land. Even if the Luzerne County map, insofar as it pertains to Nescopeck Township, was properly adopted as part of the Nescopeck Zoning Ordinance, the districts provided in the map do not complement and are at variance with the Nescopeck Zoning Ordinance. There is no way that a property owner could determine what restrictions were meant

to apply to his property. Upon review of the ordinance and map, the two provided for different district classifications, and it is anyone's guess as to which districts set forth in the township ordinance correspond to the areas so designated on the map.

"If a legislative enactment is vague and indefinite so that courts are unable to determine with any reasonable degree of certainty the intent of the legislative body or so incomplete, conflicting and inconsistent in its provisions that it cannot be executed, such enactment will be deemed invalid: Willcox v. Penn Mutual Life Ins. Co., 357 Pa. 581, 595, 55 A. 2d 521; Panther Valley Television Company v. Summit Hill Borough, 376 Pa. 375, 378, 102 A. 2d 699": Sun Oil Company v. Zoning Board of Adjustment, 403 Pa. 409, 413-414 (1961).

Accordingly, this court has no recourse but to sustain the challenge of appellant and declare the zoning ordinance invalid.

### ORDER

Now, May 27, 1975, at 3:05 p. m., the appeal of Housing Dynamics, Inc., is sustained and the Nescopeck Township Zoning Ordinance is held invalid.