Commonwealth *v.* Stretchnit, Inc.

Argued November 10, 1970, before President Judge Bowman, and Judges Kramer, Wilkinson, Jr., Manderino and Mencer.

*Walter K. Swartzkopf, Jr.,* with him *Frank A. Sinon, Rhoads, Sinon & Reader,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, with him *Fred Speaker,* Attorney General, for appellee.

Opinion by Judge Wilkinson, February 5, 1971:

This is an appeal by Stretchnit, Inc., a Pennsylvania corporation, from a resettlement of Stretchnit's corporate net income tax made by the Department of Revenue on October 18, 1967. The fiscal year in question ended on July 31, 1965, and the tax return was filed on November 25, 1965. The Department of Revenue settled Stretchnit's self-assessed tax on March 25, 1966. The settlement was approved by the Auditor General on April 1, 1966. The Department of Revenue later resettled Stretchnit's self-assessed tax in the amount of

$5,763.17, the resettlement being pursuant to section 1105 of the Fiscal Code, Act of 1926, P. L. 343, as amended; 72 P.S. 1105. The resettlement denied Stretchnit the use of the apportionment fractions provided by the Act. Stretchnit filed a petition for review with the Board of Finance and Revenue contesting the resettlement. When the petition was refused, Stretchnit appealed to this Court.

Counsel for the parties filed a stipulation waiving jury trial and also a stipulation of certain facts; however, a half-day hearing was required for the taking of testimony from both Stretchnit and the Commonwealth. From the record before the Court, we make the following

### FINDINGS OF FACT

1. During the fiscal year ended July 31, 1965, Stretchnit, Inc. was entitled to the benefit of the apportionment fractions contained in the Corporate Net Income Tax Act.

2. During said fiscal year, Stretchnit, Inc.'s income as ascertained by and returned to the federal government was $99,732.77.

3. During said fiscal year, the average valuation of defendant's tangible property was $400,518.56, of which $1,329.56 was located outside of Pennsylvania.

4. During said fiscal year, Stretchnit, Inc. employed two employees who were located outside of Pennsylvania; their salaries amounted to the sum of $20,000.00 for the year.

5. During said fiscal year, all of Stretchnit, Inc.'s gross receipts in the amount of $4,025,596 are assignable to Pennsylvania.

6. In accordance with the above findings, Stretchnit, Inc.'s corporate net income tax for the fiscal year ending July 31, 1965, should be determined in accordance with the following calculations:

| | | |
|---|---|---|
| Income to be allocated | | $99,732.77 |
| 399,189 | % | .996682 |
| 400,518 | | |
| 30,439 | % | .603481 |
| 50,439 | | |
| 4,025,596 | % | 1.00 |
| 4,025,596 | | |
| TOTAL | | 2.600163 |
| Average | | .866721 |
| Taxable Income | | $86,440.49 |
| **Tax** | | 5,186.43 |
| **Paid** | | 2,171.40 |
| Balance of Tax Due | | 3,015.03 |
| Interest to Dec. 31, 1970 | | 897.08 |
| | | $ 3,912.11 |

Plus Additional Applicable Interest

### DISCUSSION

The basic question presented to this Court is whether Stretchnit has established sufficient facts to entitle it to the use of the apportionment fractions found in the Corporate Net Income Tax Act. Act of May 16, 1935, P. L. 208, as amended; 72 P.S. 3420a-3420n. This Act applies to all corporations doing business in Pennsylvania or having property or capital employed within the Commonwealth. It provides that all income earned by such corporations is subject to Pennsylvania corporate net income tax unless the taxpayer can establish that it is entitled to use the apportionment fractions found in the Act. Stretchnit carried the burden to prove that it is entitled to some apportionment fractions for the fiscal year in question but not as to others. *See Commonwealth v. Hellertown Manufacturing Co.,*

438 Pa. 134, 264 A. 2d 382 (1970); *Commonwealth v.
Morris Half-Hour Laundromat,* 91 Dauphin 157 (1969);
*Commonwealth v. Yorktowne Paper Mills, Inc.,* 81 Dauphin 273 (1963); *Commonwealth v. Guinther,* 81 Dauphin 11 (1963).

Under the Act, and particularly under section 3420b
(2)(c), three factors make up apportionment fractions. The first is determined by a numerator of tangible property within the Commonwealth and a denominator of all tangible property of the corporation, wherever situated. The second is determined by a numerator of wages and salaries paid to employees within the Commonwealth and a denominator of all wages and salaries paid by the corporation. The third is determined by a numerator of gross receipts from business assignable to the Commonwealth and a denominator of taxpayer's gross receipts from all its business.

In this case, Stretchnit presented facts sufficient to establish the first two of the three factors allowed in the Act. However, its testimony regarding the third factor, gross receipts, was insufficient to establish its right to use other than 100% as the basis for this factor. Explanations of valuation of inventories and goods in transit were unsatisfactory and inconsistent. Financial records were not available and could not be presented to the taxing agency or to this Court. Even though it is the practice of Stretchnit's auditor to keep all financial statements and auditing records for two years subsequent to audit, Stretchnit's records for the fiscal year in question had not been kept even for this customary period and could not be produced for the taxing agency's investigator within this two-year period. No explanation was offered for the absence of these essential elements of proof. Furthermore, Stretchnit became aware of possible litigation within this two-year period, and it is reasonable to assume that a potential litigant would keep financial records beyond its customary pe-

riod of retention because of just such evidentiary problems as have arisen in this case. Oral testimony regarding the gross receipts factor, by itself, is insufficient to entitle Stretchnit to use this factor in its apportionment fractions.

Accordingly, we make the following

### CONCLUSIONS OF LAW

1. The taxpayer, Stretchnit, Inc., has sustained the burden of proof for the benefit of the apportionment factors of tangible personal property of .996682 and wages and salaries of .603481.

2. The taxpayer, Stretchnit, Inc., has not sustained the burden of proof to use other than the 100% factor for gross receipts.

3. Judgment should be entered in favor of the Commonwealth and against the appellant, Stretchnit, Inc., in the amount of $3,912.11, together with interest and costs.

### ORDER

AND NOW, this 5th day of February, 1971, judgment is hereby entered in favor of the Commonwealth and against the appellant, Stretchnit, Inc., in the amount of $3,912.11, together with interest and costs, which shall be paid accordingly unless exceptions are filed within thirty (30) days.