## Commonwealth *v.* National Advertising Company, Appellant.

60

Argued May 25, 1972. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Walter K. Swartzkopf, Jr.,* with him *Frank A. Sinon,* and *Rhoads, Sinon & Reader,* for appellant.

*Vincent X. Yakowicz,* Deputy Secretary of Revenue and Special Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 4, 1972:

This is an appeal[1] from the judgment of the Common Pleas Court of Dauphin County, sitting as the Commonwealth Court,[2] affirming the Board of Finance and Revenue's settlement of appellant's liability under the

---

[1] This appeal is taken pursuant to Section 203 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, art. II, §203, 17 P.S. §211.203 (Supp. 1972).

[2] The appeal to the Dauphin Common Pleas Court was filed September 22, 1967, before that court's jurisdiction as the Commonwealth Court was assumed by the new Commonwealth Court. However, the final order of the Dauphin Common Pleas Court in this matter was not issued until August 18, 1971.

Corporate Net Income Tax[3] for the tax year which terminated December 31, 1963.

The sole question involved here is whether appellant's receipts from its contracts with advertisers whose advertisements were placed on outdoor billboards situated in this Commonwealth are to be regarded as "rentals . . . from property situated . . . within this Commonwealth" for purposes of the Corporate Net Income Tax.[4] If the receipts are regarded as such "rentals," the receipts must be included in the numerator of the third fraction, better known as the "gross receipts" fraction, of the formula that was employed under the Corporate Net Income Tax Act to determine the tax liability of those corporations whose entire business is not transacted in Pennsylvania.[5] We believe that appellant has not met its burden of establishing the invalidity of the Board of Finance and Revenue's settlement of its tax liability. Accordingly we affirm the order of the Common Pleas Court of Dauphin County.

Appellant and the Commonwealth submitted this case to the court below on a stipulation of facts. That stipulation reveals that appellant owns certain road signs and leases as lessee certain other road signs [apparently referred to in the trade as bulletins] and locations therefore in Pennsylvania. Appellant, during the year in question, made contracts with advertisers

---

[3] Act of May 16, 1935, P. L. 208, §§1 et seq., as amended, 72 P.S. §§3420a et seq. This act was repealed by Section 411 of the Tax Reform Act of 1971, Act of March 4, 1971, P. L. 6, art. IV, §411, 72 P.S. §7411 (Supp. 1972). However, the Act of May 16, 1935, still determines liability for tax years beginning prior to January 1, 1971. See Act of March 4, 1971, P. L. 6, art. IV, §412, 72 P.S. §7412 (Supp. 1972).

[4] Act of May 16, 1935, P. L. 208, §2, as amended, 72 P.S. §3420b, 2(c).

[5] Id. §3420b 2(c)(3).

for the placement of advertisements on billboards located in Pennsylvania. According to these contracts, appellant agreed to take all actions necessary to place and maintain the advertisements on the bulletins, including the payment of all lease rentals, taxes, and license fees.

In addition to the activities specified in the contracts, it was stipulated that appellant also performs the following for its advertiser-customers:

"(a) Prepares sketches and full size samples of the proposed sign, including the idea for the arrangement of words and pictures and artwork pertaining thereto.

(b) Makes traffic surveys and recommends quantities of signs needed to give adequate advertising coverage of the advertiser's markets without oversaturation.

(c) Works with advertiser in testing the effectiveness of the media in certain markets by traffic surveys, etc.

(d) Fabricates and/or purchases the signs parts."

It was also stipulated that: "The advertisers have no right of possession of the bulletins or signs or the land on which same were located. The sole use of the bulletins or billboards is the placement of advertisements thereon."

Appellant contends that the receipts from its contracts with the advertisers are not rentals from property, but rather represent payment for services performed by the appellant in the conduct of its business. The Commonwealth, on the other hand, contends that the receipts are "rentals" from appellant's property—i.e., appellant's billboards. If appellant's contention is correct, its Corporate Net Income Tax liability for 1963 will be reduced by $1,173.38.

The question of whether appellant's receipts should be regarded as "rentals" from property or as income

from "services" performed is not an easy one, for most business receipts represent a mixture of return for some services performed and of return on property owned. For example, a corporation that owns a large apartment building often provides to its tenants, in addition to the actual physical premises, services such as trash removal, security guards, gardening, etc. However, common sense indicates that in such a landlord-tenant arrangement the receipts from the tenants would represent primarily a return on the physical structure owned rather than compensation for services rendered as a part of the tenancy arrangement.

At the other end of the spectrum would be an accounting firm. In part the firm's fees could be regarded as a return on its investment in its business property—i.e., the firm's typewriters, dictaphones, office furniture, and calculators—but it is obvious that accountants' fees represent primarily compensation for services rendered.

In the case at hand, it is clear that appellant owns certain bulletins which it makes available to its advertiser-customers. It is also clear that appellant renders certain services to advertisers such as preparing advertising copy and making market surveys. However, appellant has not offered evidence to establish that its receipts represent primarily compensation for services rendered.

It is a well-established principle of tax law that a regularly made tax assessment is presumed to be valid.[6] In fact, we have specifically held that the taxpayer has the burden of showing that the Commonwealth's computation of his Corporate Net Income Tax is incorrect. *Commonwealth v. R. S. Noonan, Inc.*, 419 Pa. 411, 417,

---

[6] See, e.g., *Deitch Co. v. Board of Property Assessment*, 417 Pa. 213, 221, 209 A. 2d 397, 402 (1965) ; 36 P.L.E. Taxation §§242, 247.

213 A. 2d 787, 790 (1965).[7] Since appellant has not met its burden of establishing that its receipts represent primarily compensation for services rendered, appellant's challenge to the tax settlement formulated by the Board of Finance and Revenue must be rejected.

The judgment of the Dauphin Common Pleas Court is affirmed.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I do not dispute the proposition that this regularly made tax assessment is presumed to be valid, *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A. 2d 397 (1965), nor the proposition that where the assessment is based upon a certain view of the operative facts, the burden must rest on the taxpayer to demonstrate that the facts are not as the authorities have found them, *Commonwealth v. R. S. Noonan, Inc.,* 419 Pa. 411, 213 A. 2d 787 (1965). Neither of these principles, however, can be said to control this case. The majority opinion, in my view, misapplies both and rides roughshod over a legislative enactment regarding construction of tax statutes. I accordingly dissent.

The Pennsylvania Corporate Net Income Tax Act, May 16, 1935, P. L. 208, §1 et seq., as amended, 72 P.S. §3420a et seq., provides that "rentals . . . from property situated . . . within this Commonwealth" shall be included in the numerator of the gross receipts, or third fraction used in determining taxable net income of a corporation all of whose business is not transacted in the Commonwealth. The majority correctly perceives that the issue is solely that of interpreting the word

---

[7] See *Commonwealth v. Hellertown Mfg. Co.,* 438 Pa. 134, 140-41, 264 A. 2d 382, 386 (1970) ; *Commonwealth v. Stretchnit, Inc.,* 2 Pa. Commonwealth Ct. 270, 273-74, 273 A. 2d 750, 751 (1971).

"rentals" as used in this phrase. There is no dispute as to the operative facts—the manner in which the appellant corporation uses its Pennsylvania situated billboards, or "bulletins," in its business—and hence the majority's citation to cases which deal with the placement of the burden of proof as regards operative facts is inapposite.

The Statutory Construction Act, Sec. 58(3), Act of May 28, 1937, P. L. 1019, 46 P.S. §558(3), provides that provisions of a law imposing taxes shall be strictly construed against the taxing authority. See, e.g., *Mastrangelo v. Buckley*, 433 Pa. 352, 250 A. 2d 447 (1969); *Commonwealth v. High Welding Co.*, 428 Pa. 545, 239 A. 2d 377 (1968); *Commonwealth v. Rieck Inc.*, 419 Pa. 52, 213 A. 2d 277 (1965); *Panther Valley Television Co. v. Borough of Summit Hill*, 376 Pa. 375, 102 A. 2d 699 (1954). It is admitted in the Court's opinion that interpretation of the word "rentals" is not easy, and that, as viewed by the majority, the line must be drawn at some ill-defined point lying somewhere between income received for rendition of personal services and income received from the "rental" of property. Having admitted that there is considerable uncertainty in the reach of this legislatively chosen word, I cannot understand how the issue can then be resolved against the taxpayer. We have always held that "any doubt or uncertainty as to the imposition of a tax must be resolved in favor of the taxpayer." *Commonwealth v. Rieck Inc.*, supra.

The preferable manner in which to decide this case, in my opinion, would be to recognize that the legislature has directed us to construe a word "according to [its] common and approved usage." 46 P.S. §533. The common, almost invariable usage of the word "rent" or "rental" is to describe the consideration paid by a tenant or occupant of real estate for the right of posses-

sion, use and occupation of the property. See Webster's Third International Dictionary; Black's Law Dictionary (4th Ed. 1968); 48 Am. Jur. 2d, Landlord & Tenant, §514. It is a stipulated fact in the present case that appellant's advertisers have no right of *possession* of the bulletins or sign boards; the sole *use* of the signs is the placement of advertisements upon them, but this is done by appellant. The majority's construction of the word "rentals" as denoting income earned primarily by virtue of the ownership of tangible property and secondarily through the rendition of personal services may not be out of place in a textbook on economics; it is, however, a far cry from the "common and approved" usage the legislature must be held to have intended.

In another context we have recently stated, although the statement may not have been necessary to the decision, that income received from outdoor advertising customers was not to be considered as rent. *Pittsburgh Outdoor Advertising Co. Appeal,* 440 Pa. 321, 324, 272 A. 2d 163 (1970). I am unable to perceive any compelling reason to hold the opposite in this case, especially in light of the legislative direction to resolve uncertainty in favor of the taxpayer.